The STATE of Ohio, Appellee,

v.

FLAHIVE, Appellant.

[Cite as *State v. Flahive* (1998), 127 Ohio App.3d 32.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–970211 and C–970212.

Decided March 27, 1998.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *William Breyer,* Assistant Prosecuting Attorney, for appellee.

*Richard F. Lesser,* for appellant.

---

MARIANNA BROWN BETTMAN, Judge.

Defendant-appellant Patrick D. Flahive was indicted by the grand jury in two indictments on six counts of misuse of credit cards. As a result of a plea bargain, in case number B–960894 Flahive pleaded guilty to one fourth-degree felony count, and in case number B–9609310 he pleaded guilty to two fifth-degree felony counts. The state agreed not to proceed on the remaining counts. The trial court imposed a prison term of one and one-half years in case number B–9608994, to run consecutively with the one-year concurrent prison terms imposed for each count under case number B–9609310. Flahive appeals from his convictions and sentences, although he raises only sentencing errors in this appeal.[1]

---

1. We have *sua sponte* removed this case from the accelerated calendar.

In his second assignment of error, which we consider first, Flahive challenges the court's imposition of a prison term for the offenses he committed.[2] Under the new sentencing provisions now in effect, a trial court cannot impose a prison term for a fourth- or a fifth-degree felony unless the court finds that one of the eight factors set forth in R.C. 2929.13(B)(1)(a) through (h) applies, that the prison term is consistent with the purposes and principles of sentencing in R.C. 2929.11, and that the offender is not amenable to an available community-control sanction. The critical issue Flahive raises on appeal is that his sentences are contrary to law because the record does not support the finding in favor of incarceration in his case.[3] We disagree.

The sentencing factor in R.C. 2929.13(B)(1)(d) states:

"The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others."

On its sentencing worksheet, the trial court checked the above factor as being applicable to Flahive.[4] The abbreviated language of the worksheet describes this factor as "(D) public trust, office or position." We hold that the record supports the findings of the trial court in imposing a prison sentence in this case.

In his position as a clerk both for Kroger's and for a Marriott hotel, Flahive took credit cards from customers as payment for goods and services, copied their credit-card numbers, and later personally used their numbers to make purchases from mail-order catalogues for his own use. The record demonstrates that in furtherance of his scheme he used the credit cards of forty-seven different individuals, unlawfully obtaining in excess of $25,000 worth of merchandise. We have no difficulty in finding that the final clause in R.C. 2929.13(B)(1)(d) applies here, namely that the offender's position facilitated the offense. We simply cannot agree with the dissent that this provision applies only to those in "professional" positions like doctors, lawyers, accountants, and bro-

---

2. At the sentencing hearing, the trial court erroneously stated that Flahive had the right of appeal only of his sentence in case number B–9609310, involving the fifth-degree felony counts. Flahive has appealed from his sentence in both cases.

3. Flahive also had the right to appeal the fact that he received the maximum sentence, but he did not raise this issue. R.C. 2953.08(A). Thus, this appeal is limited to the fact of his incarceration, not its duration.

4. The trial court made written sentencing findings only in case number B–9609310 for the fifth-degree felonies. However, neither party disputes the fact that the trial court made a finding supporting incarceration for the fourth-degree felony, and it is clear from the transcript that the court found the same factors in both cases.

kers. Nor do we agree with the statement in the dissent that under our analysis "every crime made possible by one's occupation, no matter how lowly, becomes an imprisonable offense." Quite simply, we think that a person, regardless of what his job is, who is entrusted with the credit-card imprints of others, and who only has the credit cards because of his position, uses his position to facilitate the offense.

We find clearly and convincingly that Flahive received the credit-card numbers as a result of his position, and therefore that his position facilitated the offense. Because the record establishes that use of the sentencing factor in R.C. 2929.13(B)(1)(d) was appropriate, Flahive's second assignment of error is overruled.

In his first assignment of error, Flahive contends that the trial court was biased against him because of statements made at the sentencing hearing, particularly the statement that Flahive was "the pedophile of the credit card industry."[5]

In order to impose the maximum term of imprisonment, the court must find one of the factors in R.C. 2929.14(C). The court found two factors, namely that Flahive had committed the worst form of the offense and that he possessed the greatest likelihood of recidivism. The court's remarks were made in the context of these required findings. While we agree with Flahive that the court's remarks were intemperate, its findings about likely recidivism were appropriate and supported by the record. Thus, we find no prejudicial error in the statements made. The first assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

SUNDERMAN, P.J., concurs.

GORMAN, J., dissents.

GORMAN, Judge, dissenting.

Although I agree that Flahive deserves the prison term imposed by the trial court, I cannot accept the majority's analysis with respect to the applicability of

---

5. The comment was made as the court was discussing with Flahive the fact that Flahive was still working in a setting that provided him access to customers' credit cards. The court stated:

"We're at the mercy of people like you. The whole credit card industry is at your mercy. And you have gone from one place to another. Now you're in a third place. And as sure as God made little green apples, you're going to do it again. I know you will. You're the pedophile of the credit card industry. They're your babies."

R.C. 2929.13(B)(1)(d). Because I cannot, unfortunately, find any other statutory sentencing factors applicable to Flahive's offenses, I must dissent.

For Flahive to be eligible for a prison term, it is beyond dispute that he must satisfy the criteria in R.C. 2929.13(B)(1)(d) or one or more of the other sentencing factors in R.C. 2929.13(B)(1)(a) through (h). The factor chosen by the trial court, and, indeed, the only one to arguably apply, is that contained in subsection (b)(1)(d), which requires either (1) that the offender held "a public office or position of trust," (2) that the offender held a position that obliged him to prevent the offense, or (3) that the offender's "professional reputation or position" facilitated the offense.

The majority implicitly concludes that, as a cashier or clerk, Flahive did not hold a public "position of trust" under the first of the three clauses of R.C. 2929.13(B)(1)(d). I fully agree. The reason I agree is that I believe the word "public" modifies both "office" and "position of trust." Because a hotel or supermarket clerk holds neither a public office nor a "[public] position of trust," this factor clearly does not apply to him.

I do not agree, however, with the majority's conclusion that Flahive's offense satisfies the language of the third clause of R.C. 2929.13(B)(1)(d), which requires that the "offender's professional reputation or position" facilitated his crimes. Just as "public" modifies both "official" and "position" in the first clause, I believe that "professional" modifies both "reputation" and "position" in the third clause. Thus, in order for Flahive to satisfy this criterion, one would have to conclude that the job of supermarket or hotel clerk fits the definition of a "professional position" as that term is commonly defined. According to Black's Law Dictionary, a profession is "[a] vocation or occupation *requiring special, usually advanced, education and skill; e.g., law or medical professions.*" (Emphasis supplied.) Black's Law Dictionary (5 Ed.1979) 1089. Without impugning the merits of either job, I simply cannot find that a hotel or supermarket clerk meets this definition.

Significantly, comparable language in R.C. 2929.12(B)(5) requires that "[t]he offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense" in order to find the offense more serious. While inartfully worded, I believe this language only underscores the legislative intent to make more serious an offense in which a member of a respected profession— such as a doctor or lawyer, accountant or broker—abuses the special nature of the professional relationship to facilitate a crime. Such an abuse of one's professional status would certainly make the crime more egregious. Under the majority's analysis, on the other hand, every crime made possible by one's occupation, no matter how lowly, becomes an imprisonable offense. Such a result

runs directly counter to the intent of the General Assembly in R.C. 2929.13(B)(1)(d), which was to limit, not expand, prison terms for fourth- and fifth-degree felonies.[6]

In *State v. Wilson* (1997), 77 Ohio St.3d 334, 336, 673 N.E.2d 1347, 1349, the Ohio Supreme Court set forth the following principle of statutory construction: "In looking to the face of a statute or Act to determine legislative intent, significance and effect should be accorded every word, phrase, sentence and part thereof, if possible." At the very least, the sentencing factor in R.C. 2929.13(B)(1)(d) is ambiguous, as it applies generally to offenders holding a position of trust or using their occupation to facilitate a crime. In such a circumstance, R.C. 2901.04(A) provides that "penalties shall be strictly construed against the state, and liberally construed in favor of the accused."

I find that the evidence is clearly and convincingly insufficient to support a finding under R.C. 2929.13(B)(1)(d). Accordingly, because no other sentencing factors apply, Flahive was not legally eligible for imposition of a prison sentence and was eligible only for one of the non-prison terms in R.C. 2929.15 through 2929.18 that is consistent with R.C. 2929.13(B)(2)(b). See Anderson's Ohio Criminal Practice & Procedure (3 Ed.1997), Senate Bill 2 and Senate Bill 269 Outline, Sections V(A)(3), (B), and (C).

---

**6.** According to David Diroll, Director, Ohio Criminal Sentencing Commission, the goal of "truth in sentencing" is definite sentences; supervision after prison for those who most need to be watched or helped; "*a broader continuum of non-prison sanctions for less threatening felons; and bad time to help maintain orders in prisons.*" (Emphasis supplied.) Felony Sentencing under Senate Bill 2 and Senate Bill 269 (Aug. 1, 1996), Section II(B)(2).