DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Sandusky County Court of Common Pleas which sentenced appellant, Larry Wayne Jones, for a term of ten months following the entry of a guilty plea to having a weapon while under a disability, a violation of R.C.2923.13(A)(3). For the reasons stated herein, this court affirms the judgment of the trial court.
In his sole assignment of error, appellant argues that the trial court erred in sentencing him upon unsubstantiated presumptions that were neither pled nor proven. This court finds no merit in this assignment of error.
The following facts are relevant to this appeal. A search warrant was executed at appellant's residence following a "controlled buy" by a confidential informant. The search resulted in the recovery of the $40 in "buy" money from the "controlled buy"; a 9mm Smith Wesson handgun; and what was described by appellant's trial counsel as a "significant amount" of money. Appellant has prior convictions, including a prior conviction for aggravated drug trafficking and a prior conviction for drug abuse.
Appellant was convicted of a felony of the fifth degree. This court reviews this felony sentence pursuant to R.C. 2953.08. Under this section, an appellate court hearing an appeal of a felony sentence may modify the sentence or vacate the sentence and remand the matter to the trial court if the appellate court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law.
In determining whether a prison term should be imposed, an inquiry pursuant to R.C. 2929.13(A)(2) must be made as to (1) whether any factors set forth in R.C. 2929.13(B)(1)(a) through (h) apply; (2) the seriousness and recidivism factors of R.C. 2929.12; (3) whether the prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11; and (4) whether the offender is amenable to community control sanction.State v. Flahive (1998), 127 Ohio App.3d 32, 34.
One of the factors of R.C. 2929.12 is "organized criminal activity" which is not defined in the statute and must be determined on a case-by-case basis. State v. Barrera (July 16, 1999), Sandusky App. No. S-98-047, unreported. In the case subjudice, the trial court noted the controlled buy at appellant's residence, the recovery of $40 in "buy" money from the "controlled buy" and the recovery of a 9mm Smith Wesson handgun in determining that appellant's activities were part of organized criminal activity.
Upon review of the record, this court finds that clear and convincing evidence existed to support the trial court's finding.
Accordingly, appellant's assignment of error is found not well-taken.
On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Sandusky County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs for this appeal.
 _____________________ Peter M. Handwork, J.
James R. Sherck, J., Mark L. Pietrykowski, J., CONCUR.