OPINION.
The defendant-appellant, Christopher Brewer, appeals the ten-month prison term imposed by the trial court following his guilty plea to the offense of nonsupport in violation of R.C. 2919.21(A), a fifth-degree felony. Because the trial court's findings are not supported by the record, we must vacate the sentence and remand this case for resentencing.
From June 13, 1997, to June 14, 1999, a period of 104 consecutive weeks, Brewer did not provide support for his ten-year-old son. On the date he was sentenced, Brewer's child-support arrearage was $14,185.79. The trial court journalized findings on its worksheet in support of a ten-month prison term by checking that Brewer held "a public office or position of trust," and that he had "previously served a prison term." Both factors are listed as favoring a prison term for a fifth-degree felony in R.C. 2929.13(B)(1)(d) and (g), respectively, when the trial court finds that the defendant is not amenable to community control. R.C. 2929.13(B)(2). The trial court also indicated by a check mark that, in its view, a prison term was consistent with the purposes and principles of sentencing, and that the shortest term would demean the seriousness of the offense.
Brewer's third assignment of error contends in substance that the record does not support the trial court's findings under R.C.2929.13(B)(1)(d) and (g). We have previously held that a sentence imposing a prison term for a fifth-degree felony is reviewable as a matter of right, under R.C. 2953.08(A)(2), only if the trial court does not specify one or more of the sentencing factors in R.C. 2929.13(B)(1)(a) through (i). State v. McNeel (May 22, 1999), Hamilton App. No. C-960980, unreported. Even if the court does specify the necessary factors, however, a defendant may still bring an appeal on the basis that the court's findings are contrary to law or that none of the essential factors under R.C. 2929.13(B)(1)(a) through (i) is supported by sufficient evidence. State v. Flahive (1998), 127 Ohio App.3d 32,711 N.E.2d 746; See State v. Shryock (Aug. 1, 1997), Hamilton App. No. C-961111, unreported.
At the sentencing hearing, the trial court acceded to the state's argument that failure of parental responsibility for support is a breach of a "position of trust." This finding refers to one of the three separate but related sentencing factors found in R.C. 2929.13(B)(1)(d). The sentencing factor referred to is the first factor in the subsection, which requires that the offender have "held a public office or position of trust" and that the offense be "related to th[at] office or position." There is authority that the phrase "position of trust" as used in the statute does not apply to private persons, but, rather, refers only to a public official or public servant who commits the crimes of theft or bribery. See State v. Jones (Nov. 13, 1998), Greene App. No. 98CA009, unreported. Conversely, there is authority that the phrase "position of trust" as used in this statute includes both public and private individuals. See State v. Bolin (Jan. 12, 1998), Clermont App. No. CA97-06-056, unreported. Indeed, in a case directly on point, the Tenth District Court of Appeals has held that a parent holds a position of trust with respect to his or child under R.C. 2929.13(B)(1)(d). Statev. Hall (May 18, 2000), Franklin App. No. 99AP-1145, unreported.
In Flahive, supra, a majority of this court held that a cashier or clerk at a business who misused the credit cards of customers could be found to satisfy the third sentencing factor found in R.C.2929.13(B)(1)(d), requiring that the "offender's professional reputation or position facilitated the offense." We did not address in Flahive, however, whether a cashier or clerk held a "position of trust" under the first factor. In my dissent in Flahive, however, I noted that the majority, by not relying on the first factor, appeared to implicitly conclude that a department store cashier or hotel clerk was not a "public office or position of trust." Flahive, supra, at 36, 711 N.E.2d at 748
(Gorman, J., dissenting).
In the present case, unlike in Flahive, we are confronted directly with the meaning of the phrase "position of trust" as it appears in the first factor of R.C. 2929.13(B)(1)(d). With respect to this issue, it is noteworthy that Judge Griffin and Professor Katz in their treatise on the subject believe that an overall reading of R.C. 2929.13(B)(1)(d) demonstrates that the first factor refers only to "positions associated with government." Griffin and Katz, Ohio Felony Sentencing Law (1999 Ed.), Section 6.14, 458. We note also that unrestrained application of the phrase to every breach of ethical, moral, or filial duty by a private individual may distort the purpose of the new sentencing guidelines. The trial court's construction, for example, means that a prison term could conceivably outweigh a community-control sanction for every parent convicted of felony nonsupport — in which case, nonsupport, a fifth-degree felony, would become presumptively an imprisonable offense. Such an interpretation of R.C. 2929.13(B)(1)(d) is not reasonably calculated to reflect the overriding purposes of felony sentencing under R.C. 2929.11(B) and (C), and is at odds with the goal of Am.Sub.S.B. No. 2 and R.C. 2929.13(B) to favor non-prison terms for nonviolent offenders. See Flahive, supra, at 37, 711 N.E.2d at 74, fn. 6.
Although we eschew an absolute rule that a private individual can never occupy a position of trust worthy of imposing a prison sentence, we adhere to the view that a position of trust is one that derives generally from the offender's public, as opposed to private, standing. For example, a religious leader, though not associated with government, could occupy a position of trust under the statute, as could a member of the staff of a private child-care center serving the public. In our view, however, application of the term "position of trust" to every one in the private role of parent is simply too broad. Thus, we hold that the trial court erred in finding that this factor was present. We acknowledge that our decision is, in this regard, in conflict with the Franklin County Court of Appeals in State v. Hall, supra.
Furthermore, we hold that the trial court's finding that Brewer had previously served a prison term is not demonstrated by evidence in the record. The only aspect of Brewer's criminal past referred to by the court during sentencing was the fact that he had successfully completed probation, and that he had an outstanding domestic-violence warrant in Franklin County. This evidence was insufficient to establish that Brewer had actually served time in prison. While the presentence investigation report also shows that Brewer served 180 days in the Hamilton County Justice Center on a drug conviction, a "prison term" requires incarceration in a facility operated by the department of rehabilitation and correction, not a local jail or residential facility run by a political subdivison of the state. State v. Roy (June 9, 2000), Hamilton App. Nos. C-990509 and C-990510, unreported. Therefore, the record does not support the trial court's finding of the sentencing factor in R.C.2929.13(B)(1)(g). See R.C. 2953.08(G)(1)(b).
Ordinarily, a community-control sanction satisfies the overriding purposes of R.C. 2929.11 for a fifth-degree felony. A Plan for Felony Sentencing in Ohio: A Formal Report of the Ohio Criminal Sentencing Commission (July 1, 1993), 81-82. But even if a sentencing factor is not found under 2929.13(B)(1), a trial court may still impose a prison sentence for a fifth-degree felony if it finds that, consistent with the purposes and principles of sentencing, an offender is not amenable to community control pursuant to R.C. 2929.13(B)(1).
As noted by Judge Griffin and Professor Katz, the analysis of whether an offender is amenable to community control usually requires that the trial court "have evidence that some of the available local sanctions have been tried and failed." Griffin and Katz, supra, Section 6.16, 462. "The determination of nonamenability may not require the judge to exhaust the available local remedies, but it should oblige the judge to make a reasonable effort to secure compliance through local sanctions. In effect, the court is asked to ratchet up in reasonable increments the available local sanctions until experience with the offender reveals that the offender will not respond." Id.
Here, the trial court did specify on the worksheet that prison was consistent with sentencing purposes. The court also indicated that more than a minimum prison term was required in order not to demean the seriousness of the offense. Given the degree of the arrearage in this case, we do not disagree with these determinations. Critically, however, the trial court left blank the category expressly indicating that the offender was not amenable to community control. Concededly, the trial court was not required to pronounce talismanic words to comply with the guidelines and factors for sentencing. Still, it must be clear from the record that the trial court made the required statutory findings under R.C. 2929.13(B). The Ohio Supreme Court has held that, even when a sentencing statute such as R.C. 2929.13(B) does not expressly require that the trial court give its reasons for its findings, the requirement of a "finding" is still not satisfied unless the trial court (1) notes that it engaged in the required analysis and (2) selects one of the statutory criteria. State v. Edmondson (1999), 86 Ohio St.3d 324, 326,715 N.E.2d 131, 134.
R.C. 2929.13(N) requires that the trial court specify that the offender is not amenable to community control. Without specifying that finding — in other words, by leaving it blank on the worksheet we cannot presume from the record that the trial court engaged in the required analysis or that it made the necessary findings under R.C. 2929.13. Therefore, we hold that the record, clearly and convincingly, does not support the prison term imposed, and that the sentence is otherwise contrary to law and must be vacated pursuant to R.C. 2953.08(G)(2)(a) and (b). On remand, the trial court must make clear that it engaged in the analysis of whether Brewer is amenable to community control and specify its finding.
Having sustained Brewer's third assignment of error, we conclude that his first, second, and fourth assignments of error are moot under App.R. 12(A)(1)(c).
The trial court's sentence is vacated and the case is remanded to the trial court for resentencing.
 ____________________________________ Gorman, Presiding Judge.
 Winkler, J., concurs
Painter, J., concurs separately.