The STATE of Ohio, Appellee,

v.

BEASLEY, Appellant.

[Cite as *State v. Beasley* (1999), 134 Ohio App.3d 694.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–981002.

Decided Sept. 17, 1999.

*Michael K. Allen*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for appellee.

*Bryan R. Perkins*, for appellant.

PAINTER, Judge.

Appellant Curtis Beasley pleaded no contest to one count of cocaine possession in violation of R.C. 2925.11(A), a fifth-degree felony. The trial court accepted his plea and sentenced him to one year in prison, the maximum term for the offense. Beasley appeals his sentence, asserting in his sole assignment of error that the imposition of the maximum term was unsupported by law. Specifically, he argues that the trial court erroneously relied upon his failure to appear for his initial sentencing hearing.

We note initially that Beasley is entitled to appeal as of right under R.C. 2953.08(A)(1), because he was given the maximum sentence. If he had been given less, his ability to appeal as of right, under the circumstances of this case, would have been limited by R.C. 2953.08(A)(2).[1] Contrary to the view expressed in the concurring opinion, R.C. 2953.08(A)(1) through (5) state five differing, and independent, grounds for appeal. The limitation found in R.C. 2953.08(A)(2) applies only to the right of appeal based on that division—as it plainly states—

---

1. See *State v. McNeel* (May 22, 1998), Hamilton No. C–960980, unreported, 1998 WL 258450.

and does not affect the right of appeal under any of the other divisions of R.C. 2953.08(A).

We thus limit our discussion to the issue of the maximum sentence. R.C. 2929.19(B)(2)(d) requires the sentencing court to state its reasons for imposing the maximum term if the sentence is for one offense. R.C. 2929.14(C) allows for the maximum term if the sentencing court finds that the offender has committed one of the worst forms of the offense, poses the greatest likelihood of recidivism, or is a certain statutorily defined major drug offender or repeat violent offender.

■ Here, the trial court found that Beasley posed the greatest likelihood of recidivism. The court first determined that Beasley had previously served a prison term.[2] It then considered the R.C. 2929.12 factors and included, under the recidivism factors, that, in addition to Beasley's prior convictions and unsuccessful probation, he had failed to appear at his initial sentencing date. Obviously, the trial court considered Beasley's failure to appear as an "other relevant factor" relating to the likelihood of recidivism. It then made the finding that Beasley was not amenable to community-control sanctions and that prison was consistent with the purposes of felony sentencing. Next, the trial court determined that because Beasley posed the greatest risk of recidivism, it would impose the maximum sentence. In its colloquy with Beasley, the trial court pointed out that, in addition to his failure to appear on the initial sentencing date, he had been convicted before, he had been unsuccessful at probation, and he had previously been in prison.

Beasley's reliance on *State v. Stone*[3] is misplaced. The trial court in *State v. Stone* did not use a sentencing worksheet. The trial court's statements at a hearing on a motion to reconsider the sentence that it had imposed demonstrated that it had used the defendant's failure to appear at sentencing as the major justification for imposing consecutive sentences under R.C. 2929.14(E)(4). But R.C. 2929.14(E)(4), by enumerating specific findings that must be made by the trial court, limits what the trial court may consider in imposing consecutive sentences, and failure to appear is not among those factors.

In contrast, the trial court in this case completed a sentencing worksheet. On the worksheet, the trial court clearly indicated at which point in its analysis that it considered Beasley's failure to appear by a handwritten notation—as one of three factors indicating that Beasley was likely to commit future crimes under R.C. 2929.12(D). The worksheet clearly demonstrates that Beasley's failure to

---

2. See R.C. 2929.13(B)(1)(g).

3. *State v. Stone* (Feb. 26, 1999), Hamilton App. No. C–980382, unreported, 1999 WL 94626.

appear at his initial sentencing hearing was not used specifically to impose the maximum term.

Because the trial court clearly demonstrated on the record that it had followed the sentencing statutes and did not inappropriately use Beasley's failure to appear at his initial sentencing hearing to enhance his sentence, we conclude that the trial court correctly imposed the maximum sentence. Therefore, we overrule Beasley's assignment and affirm the trial court's judgment.

*Judgment affirmed.*

SUNDERMANN, J., concurs.

GORMAN, P.J., concurs separately.

GORMAN, Presiding Judge, concurring separately.

I write separately because R.C. 2953.08(A)(2) and 2953.08(G)(1)(b) expressly preclude Beasley's appeal of the maximum prison term imposed for a fifth-degree-felony drug conviction as a matter of right. The majority does not follow the narrow statutory review required for a fifth-degree felony and by our holding in *State v. McNeel* (May 22, 1998), Hamilton App. No. C–960980, unreported, 1998 WL 258450.

A sentence that imposes a prison term for a fifth-degree felony is reviewable as a matter of right, under R.C. 2953.08(A)(2), only if the trial court does not specify one or more of the sentencing factors in R.C. 2929.13(B)(1)(a) through (h). The General Assembly has provided, "If the court specifies that it found one or more of those factors to apply relative to the defendant, the defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender." R.C. 2953.08(A)(2). Here, the trial court correctly found that the factor identified in R.C. 2929.13(B)(1)(g) applied to Beasley, as he had previously served a prison term.

The limited appeal of a prison term for a fifth-degree felony in R.C. 2953.08(A)(2) is reinforced by R.C. 2953.08(G)(1)(b), which states that an appellate court may "increase, reduce, or otherwise modify" a prison term for a fifth-degree felony in those instances where the trial court failed to specify its finding of a factor under R.C. 2953.08(B)(1)(a) through (h) or to follow the procedures, or if the trial court followed the procedures, where there was an insufficient basis for imposing a prison term. We have regularly recognized a defendant's standing to appeal a prison term imposed for a fifth-degree felony when the challenge addresses the sufficiency of the evidence as to a finding of one of the essential factors in R.C. 2929.13(B)(1)(a) through (h). See *State v. Flahive* (1998), 127 Ohio

App.3d 32, 711 N.E.2d 746; *State v. Shryock* (Aug. 1, 1997), Hamilton App. No. C–961111, unreported, 1997 WL 1008672.

The majority relies on the provisions of R.C. 2953.08(A)(1) generally governing an appeal of maximum sentences as a matter of right. Conversely, R.C. 2953.08(A)(2) specifically addresses an appeal from the imposition of a prison term for a fifth-degree felony. Therefore, it is a special statutory provision. Absent a manifest intent by the General Assembly that the general provision is to prevail, the special provision controls as an exception to the general provision when there is an irreconcilable conflict. R.C. 1.51. The preclusion of an appeal as a matter of right when the trial court makes one of the specific findings under R.C. 2929.13(B)(1)(a) through (h) seems clear enough, but if the two sections are deemed to be in conflict, R.C. 2953.08(A)(2), as the special provision, must prevail.

The General Assembly's limitation of the court's inherent power to sentence within the range of former statutory penalties and the innovation of sentence review were products of Am.Sub.S.B. No. 2 and Am.Sub.S.B. No. 269. "In looking to the face of a statute or Act to determine legislative intent, significance and effect should be accorded to every word, phrase, sentence and part thereof, if possible." *State v. Wilson* (1997), 77 Ohio St.3d 334, 336–337, 673 N.E.2d 1347, 1350. For a fifth-degree felony, the difference in the range between the maximum and minimum terms is six months. It is reasonable to conclude that if a prison term is proper for a defendant who has previously served a prison term, then whether that defendant serves six or twelve months is a matter the General Assembly entrusted to the trial court's discretion as provided in R.C. 2929.13(B)(1)(g). This limited appeal favors conservation of judicial resources in the context of a six-month spread for a felony conviction and the overriding purposes and principles of sentencing in R.C. 2929.11. Similar to R.C. 2953.08(D), in which the General Assembly provided no appeal from an agreed sentence, its intent was to provide a more narrow appeal for a prison term imposed for a fifth-degree felony. Accordingly, only the imposition of a prison term and not the length of the prison term may be challenged on appeal from a fifth-degree felony conviction.

The importance of this issue involves more than legal jousting. Since appellate decisions are the benchmarks of criminal sentencing, we are responsible for statutory construction of the host of new criminal sentencing laws enacted by the General Assembly in Am.Sub.S.B. No. 2 and Am.Sub.S.B. No. 269. Although the practical result of the majority's analysis affords Beasley no relief, I, nevertheless, would hold that the plain meaning of the statutory language requires us to dismiss this appeal rather than to affirm the trial court.