[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Following a plea of no contest, defendant-appellant, Bryan Keith Peters, was convicted of possession of cocaine pursuant to R.C. 2925.11(A), a fifth-degree felony. The trial court sentenced him to serve eleven months' incarceration.
On appeal, Peters argues that the trial court erred in sentencing him to an eleven-month prison term. In this case, the presumption of a prison term for a felony drug offense does not apply. Instead, the provisions of R.C. 2929.13(B) apply. R.C. 2925.11(C)(4)(a) and 2929.13(E)(1); State v. McElroy (Sept. 22, 2000), Mahoning App. No. 99 C.A. 70, unreported.
R.C. 2929.13(B) sets forth procedures for determining whether to impose a prison term when sentencing an offender for a felony of the fourth or fifth degree. The trial court must make a finding as to whether any of the factors set forth in that section apply. McElroy, supra. In this case, the trial court found that Peters had previously served a prison term pursuant to R.C. 2929.13(B)(1)(g).
R.C. 2929.13(B)(2) goes on to provide that if the trial court makes one of the findings described in R.C. 2929.13(B)(1) and, after considering the factors set forth in R.C. 2929.12, finds that a prison term is consistent with the purposes and principles of the sentencing statutes and that the offender is not amenable to an available community-control sanction, the court shall impose a prison term. The court in this case made those findings based upon Peters's lengthy criminal record and his refusal to participate in an available treatment program. Clear and convincing evidence supported the court's findings, and they were not contrary to law. Therefore, the trial court did not err in sentencing Peters to a prison term. See State v. Abbington (Aug. 8, 2000), Franklin App. No. 99AP-1337, unreported; State v. Parker (July 5, 2000), Ashland App. No. 99COA01340, unreported; State v. Banks (Nov. 20, 1997), Cuyahoga App. No. 72121, unreported.
An eleven-month prison term is within the range of allowable sentences for a fifth-degree felony. R.C. 2929.14(A)(5). Under the circumstances, we cannot say that the trial court's sentence was not supported by clear and convincing evidence or that it was contrary to law. See State v. Napier (Aug. 28, 1998), Hamilton App. No. C-970383, unreported. Consequently, the sentence is not voidable under any of the provisions of R.C. 2953.08. See State v. Beasley (1999),134 Ohio App.3d 694, 731 N.E.2d 1223; State v. Smith (Sept. 17, 1999), Hamilton App. No. C-980887, unreported. We overrule Peters's assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Winkler, JJ.