[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On August 6, 1999, defendant-appellant, Clarence Bradshaw, was indicted for two counts of assault in violation of R.C. 2903.13(A), two counts of aggravated robbery in violation of R.C. 2911.01(B)(1), and possession of cocaine in violation of R.C. 2925.11(A). Following a jury trial, Bradshaw was acquitted of the two aggravated-robbery charges, but convicted on both counts of assault, fourth-degree felonies. The trial court imposed an eighteen-month sentence, the maximum penalty, for each assault conviction and ordered the sentences to be served consecutively. Prior to trial, Bradshaw had pleaded guilty to possession of cocaine, and the eighteen-month prison sentence for that offense was ordered to be served concurrently with the sentences for assault. In his timely appeal, Bradshaw brings forth six assignments of error.
In his first assignment of error, Bradshaw argues that his sentence for cocaine possession is contrary to law because the trial court informed him at the plea hearing that he would be subject to the consequences of "bad time" under R.C. 2967.11. As the supreme court has held that "bad time" under R.C. 2967.11 violates the constitutional doctrine of separation of powers,[1] Bradshaw's sentence for cocaine possession is based in part on an unconstitutional statute, and, thus, the portion of that sentence relating to "bad time" is contrary to law.[2] We, therefore, sustain Bradshaw's first assignment of error and modify the trial court's sentence so that he may not be held subject to the "bad time" provisions. We uphold the trial court's sentence pertaining to cocaine possession in all other respects.
In his second assignment of error, Bradshaw maintains that he was denied a fair trial when the trial court failed to order a mistrial after a juror may have seen him in handcuffs. The supreme court has held that prejudice to a defendant is slight where a juror's view of the defendant "is brief, inadvertent and outside the courtroom."[3] Here, it appears that a juror may have briefly seen Bradshaw in handcuffs, outside of the courtroom, during the lunch break on the second day of trial. The sheriff told the court, outside the presence of the jury, that he did not believe that the juror had even seen the handcuffs, as he was walking behind Bradshaw and the handcuffs were hidden from view. Nevertheless, the court gave a curative instruction to the jurors, admonishing them not to draw any inference of guilt from observing a sheriff's deputy sitting beside Bradshaw during the trial or seeing a sheriff with Bradshaw in the hallway. We conclude that there was no prejudice to Bradshaw, as the court gave an appropriate curative instruction to the jury. Thus, we overrule Bradshaw's second assignment of error.
In his third and fourth assignments of error, Bradshaw contends that he was prejudiced when the trial court allowed the jury to be read only a part of a police officer's testimony, and when the prosecutor made improper comments during closing arguments. Because there was no objection to either the re-reading of the testimony or the prosecutor's comments, we review the record to determine whether plain error occurred. There can be no plain error recognized unless Bradshaw can demonstrate that, "but for [an] error, the outcome of the trial clearly would have been otherwise."[4]
Bradshaw claims that the reading of the officer's testimony improperly placed emphasis on the prosecution's case. A trial court, however, has discretion, upon a request from the jury, to read all or part of the testimony of any witness.[5] Here, the court allowed, upon the jury's request, the first five minutes of Officer Martin's testimony to be read. The court twice directed the jury not to place undue emphasis on that portion of the testimony. Thus, we conclude that there was no error and, thus, no prejudice to Bradshaw. His third assignment is overruled.
Bradshaw maintains that the prosecutor's comments during closing argument denied him a fair trial. A review of the record reveals no impropriety in the prosecutor's comments. The prosecutor merely continued a theme that defense counsel had initiated, indicating his belief that no witnesses had lied on the stand, but had merely told their versions of the story as they remembered them. We cannot say that the outcome of the trial would have been different if the prosecutor had not made the remarks in question, as defense counsel had made similar statements. Therefore, we overrule Bradshaw's fourth assignment of error.
In his fifth assignment of error, Bradshaw complains that he was denied the effective assistance of counsel due to counsel's failure to object to the state's improper closing argument and to the reading of a portion of the officer's testimony. In order to establish ineffective assistance of counsel, there must be a showing that counsel's performance fell below an objective standard of reasonable representation and, in addition, that prejudice arose from counsel's performance.[6] As we have already concluded that there was no prejudicial error either in the reading of the officer's testimony or in the prosecutor's comments, we conclude that defense counsel's performance did not fall below an objective standard of reasonable representation and that there was no demonstrable prejudice from counsel's performance. Therefore, the fifth assignment of error is overruled.
In his sixth assignment of error, Bradshaw argues that the trial court erred to his prejudice in imposing maximum, consecutive sentences. Initially, we note that Bradshaw is entitled, pursuant to R.C.2953.08(A)(1) and (4), to appeal as of right the maximum sentence imposed for each offense, and that he is entitled, pursuant to R.C. 2953.08(A)(4), to appeal as of right the imposition of consecutive sentences for both assault offenses.[7]
Pursuant to R.C. 2929.14(C), a maximum sentence may only be imposed on (1) offenders who have committed the worst forms of the offense; (2) offenders who pose the greatest likelihood of recidivism, (3) certain major drug offenders, and (4) certain repeat violent offenders. When imposing the maximum sentence, the trial court must make one of the requisite R.C. 2929.14(C) findings, and it must give reasons supporting its finding before imposing the maximum term.[8] Bradshaw argues that, at the sentencing hearing, the trial court stated that Bradshaw had committed "about the worst form of the offense," instead of the worst. But the trial court made the appropriate findings on the felony sentencing worksheet, indicating that Bradshaw had committed the worst form of the offense and posed the greatest likelihood of recidivism. A review of the record does not clearly indicate the reason for the finding that Bradshaw had committed the worst form of the offense, but the court did provide a reason for the finding that Bradshaw had the greatest likelihood of recidivism, when it notes that Bradshaw had been imprisoned previously. As the court only needed to make one of the findings under R.C. 2929.14(C), we conclude that the imposition of maximum sentences was appropriate and clearly and convincingly supported by the record.
In order to impose consecutive sentences, the court must have found that consecutive sentences were necessary to protect the public from future crime or to punish Bradshaw, and that consecutive sentences were not disproportionate to the seriousness of the offense and to the danger that Bradshaw posed to the public.[9] The trial court must also make at least one of the three findings set forth in R.C. 2929.14(e)(4)(a), (b), and (c). Once the court made these statutorily required findings, it then had to give the reasons for the findings.[10]
The trial court did not mark any of the criteria on the felony sentencing worksheet for the imposition of consecutive sentences. Further, the record reflects that the trial court did not make the requisite findings for the imposition of consecutive sentences. Because the trial court failed to comply with the statutory requirements, it erred in imposing consecutive sentences. Therefore, we must reverse that part of the trial court's judgment ordering that the assault sentences run consecutively. The sixth assignment of error is sustained in part.
For the foregoing reasons, we affirm the trial court's judgment to the extent that it finds Bradshaw guilty of assault and cocaine possession, and imposes the maximum sentence for each assault offense. The sentence imposed for cocaine possession is modified so that the term of confinement is not held subject to "bad time," pursuant to R.C.2967.11, and we hereby instruct the clerk to forward our mandate in this respect to the Adult Parole Authority. That part of the judgment calling for the assault sentences to run consecutively is reversed, and this cause is remanded to the trial court for the sole purpose of determining how those sentences are to be served in accordance with law.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Winkler, JJ.
[1] See State ex rel. Bray v. Russell (2000), 89 Ohio St.3d 132,729 N.E.2d 359, syllabus.
[2] See State v. Williams (Dec. 22, 2000), Hamilton App. No. C-000171, unreported.
[3] State v. Kidder (1987), 32 Ohio St.3d 279, 286, 513 N.E.2d 311,318.
[4] See State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph two of the syllabus; State v. Campbell (1994), 69 Ohio St.3d 38,630 N.E.2d 339.
[5] State v. Berry (1971), 25 Ohio St.2d 255, 267 N.E.2d 775, paragraph four of the syllabus.
[6] See Strickland v. Washington (1984), 466 U.S. 668, 686,104 S.Ct. 2052, 2064; State v. Bradley (1989), 42 Ohio St.3d 136, 141-143,538 N.E.2d 373, 379-381.
[7] See State v. Beasley (1999), 134 Ohio App.3d 694, 695-696,731 N.E.2d 1223, 1224.
[8] See R.C. 2929.19(B)(2)(d); State v. Edmonson (1999),86 Ohio St.3d 324, 328-329, 715 N.E.2d 131, 135.
[9] R.C. 2929.14(E)(4).
[10] R.C. 2929.19(B)(2)(c); State v. Edmonson, supra.