DECISION.
This case has been sua sponte removed from the accelerated calendar.
On August 12, 1999, defendant-appellant Jarvis Levy was convicted of preparation of drugs, a fourth-degree felony, in violation of R.C.2925.07(A), and having a weapon under a disability, a fifth-degree felony, in violation of R.C. 2923.13(A)(3). Levy was sentenced to five years' community control with intensive supervision on both counts, to be served concurrently.
In November 1999, Levy was charged with violating the terms of his community control by testing positive for drugs in a urine sample and by absconding from the jurisdiction. He was thereafter found guilty, but the community control was continued under the same intensive supervision.
In September 2000, Levy was again charged with violating his community control, this time as a result of (1) being convicted for obstructing official business; (2) failing to report and absconding; (3) failing to make payments towards his court indebtedness; and (4) absconding from a court-ordered community-service program. A revocation hearing was conducted, and Levy was found guilty of the violations. The trial court then imposed maximum, consecutive sentences for the underlying offenses.
Levy has timely filed a notice of appeal as a matter of right under R.C. 2953.08(A)(4).[1] In his sole assignment of error, he asserts that the imposition of maximum, consecutive sentences for preparation of cocaine and having a weapon under a disability was contrary to law under R.C. 2953.08(A)(4). We agree.
A trial court may impose a prison term on an offender who violates community control.[2] If a prison term is imposed, it must be within the range of prison terms available under R.C. 2929.14, and it shall not exceed the prison term specified in the notice provided to the offender at the original sentencing hearing.[3] Where the court imposes a prison term for a community-control violation, it should sentence the offender anew and comply with the relevant sentencing statutes.[4]
Here, the trial court chose to impose prison terms for the community-control violations: eighteen months for the underlying offense of preparation of drugs and twelve months for having a weapon under a disability. The terms were ordered to run consecutively. The range of prison terms allowed by R.C. 2929.14(A)(4) for a fourth-degree felony is six to eighteen months, and the range of prison terms permitted under R.C. 2929.14(A)(5) for a fifth-degree felony is six to twelve months.
We are unable to determine whether Levy was properly notified of the specific prison terms that could be imposed, because the transcripts relating to the original plea and sentencing hearings are not in the record. But the record does demonstrate that Levy was at least aware of the spectrum of penalties he faced, including the maximum sentence, for each felony conviction when he signed an entry withdrawing his not-guilty pleas and entering guilty pleas to the underlying offenses. Presuming regularity in the trial proceedings,[5] we cannot recognize reversible error in this respect, so our analysis moves on to the propriety of the maximum sentences.
 At the sentencing hearing for the community-control violations, the court stated the following:
 It's obvious to this Court that the defendant has not he has been given numerous opportunities. He's not amenable to community control sanctions. He's absolutely violated probation. The Court or based on everything that has been presented in the presentence investigation report and the fact that the defendant is not amenable to community control sanctions after numerous opportunities, on Count 2 [preparation of drugs] the sentence of the Court is community control sanctions are terminated on both counts. On Count 2 we impose 18 months Department of Corrections plus court costs.
 On Count 3 [having a weapon under a disability] we impose a year Department of Corrections, plus court costs.
It's consecutive to Count 2.
 A sentencing worksheet is included in the record, but the trial court filled out only one section relating to violations of community control "solely" by a positive drug test pursuant to R.C. 2929.13(E)(2).
Initially, we note that the second set of charges brought against Levy relating to his community control did not involve failing a drug test. Thus, the court should not have considered R.C. 2929.13(E)(2) when sentencing Levy.
When imposing prison terms, a court should be guided by the purposes and principles of sentencing pursuant to R.C. 2929.11. To determine the length of the prison terms, the trial court should consider the seriousness and recidivism factors outlined in R.C. 2929.12. Before imposing a prison term for a fourth- or a fifth-degree felony, the court should also consider whether any of the factors in R.C. 2929.13(B)(1)(a) through (i) apply, whether the offender is amenable to community control, and whether prison is consistent with the purposes and principles of sentencing. If the court imposes more than the minimum for a first-time prison term, it must, pursuant to R.C. 2929.14(B), also determine that the minimum term would demean the seriousness of the offense and not adequately protect the public, but it does not have to provide its reasons supporting these findings.[6]
Where a maximum prison term is not mandatory, a maximum term may be imposed on the most deserving offenders,[7] including the following, pursuant to R.C. 2929.14(C): (1) offenders who have committed the worst forms of the offense; (2) offenders who pose the greatest likelihood of recidivism, (3) certain major drug offenders, and (4) certain repeat violent offenders. When imposing the maximum sentence, the trial court must make one of the R.C. 2929.14(C) findings and give its reasons supporting its finding.[8]
Having reviewed the record, including the sentencing worksheet, the transcript of the sentencing hearing, and the presentence-investigation report, we conclude that there is nothing to indicate that the trial court made the requisite sentencing findings pursuant to R.C. 2929.14(B) or 2929.14(C). While Levy had several prior convictions, the record demonstrates that this was his first prison term. Given that, the court was required to impose the shortest prison terms for both offenses, unless it found that the minimum terms would demean the seriousness of the underlying offenses and not adequately protect the public. Nothing in the court's colloquy demonstrates that it had found one of the requisite R.C. 2929.14(B) factors. Moreover, even if the trial court had made the proper findings for imposing more than the minimum prison terms, it wholly failed, pursuant to R.C. 2929.14(C), to make the proper findings or give supporting reasons for imposing the maximum sentences for both offenses. Under these circumstances, we hold that the trial court erred in imposing maximum sentences for Levy's underlying convictions.
A trial court may order multiple sentences to run consecutively where the court finds that the consecutive sentences are necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that he poses to the public.[9]
Additionally, the court must find at least one of the following: (1) the offender was awaiting trial or sentencing on another offense, was under community control, or was under post-release control for a prior offense, (2) the harm caused was great or unusual and that no single prison term would adequately reflect the seriousness of the offender's conduct, or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from further crime by him.[10] When imposing consecutive sentences, the trial court must make findings and provide its reasons for imposing consecutive sentences.[11]
Again, we conclude that the trial court wholly failed to make the appropriate findings for imposing consecutive sentences, and that it failed to provide its reasons for imposing those terms. The trial court failed to make any relevant notations on the sentencing worksheet, merely stating that the sentences were to run consecutively. While Levy's criminal record and past conduct may have provided reasons for imposing consecutive terms, we cannot say that the trial court fulfilled its statutory duty when it failed to state its findings and to give reasons for the findings. The trial court, therefore, erred in ordering the sentences to run consecutively.
In sum, we hold that the trial court erred in imposing maximum, consecutive sentences. Accordingly, we vacate the sentences and remand this cause to the trial court for further proceedings consistent with this Decision and the law.
Gorman, P.J., Sundermann, and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See State v. Beasley (1999), 134 Ohio App.3d 694, 695-696,731 N.E.2d 1223, 1224.
[2] See R.C. 2929.15(B). We have recognized a misprint in R.C.2929.15(B), which incorrectly cites R.C. 2929.19(B)(3) as the applicable statute. The applicable statute is actually R.C. 2929.19(B)(5). See Statev. Akins (Dec. 22, 2000), Hamilton App. Nos. C-000168, C-000169, and C-000170, unreported.
[3] See R.C. 2929.15(B).
[4] See State v. Brown (2000), 136 Ohio App.3d 816, 823, 737 N.E.2d 1057,1062.
[5] See Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199, 400 N.E.2d 384, 385.
[6] See State v. Edmondson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131, syllabus.
[7] See id. at 328, 715 N.E.2d at 135.
[8] See R.C. 2929.19(B)(2)(d); State v. Edmondson, supra, at 328-329,715 N.E.2d at 135.
[9] See R.C. 2929.14(E)(4).
[10] R.C. 2929.14(E)(4)(a) through (c).
[11] See R.C. 2929.19(B)(2)(c). See, generally, State v. Edmonson,supra.