[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Raising one assignment of error, the defendant-appellant, Elmer A. Griffith, contends that the trial court abused its discretion when it sentenced him to the maximum term of incarceration for one felony of the fifth degree. R.C. 2953.08(G)(2) has supplanted the abuse-of-discretion standard of appellate felony-sentencing review. Griffith is entitled to appeal as a matter of right under R.C. 2953.08(A)(1)(a), because he was given the maximum sentence.[1] The Ohio Supreme Court has set forth the following principle of statutory construction: "In looking to the face of a statute or Act to determine legislative intent, significance and effect should be accorded to every word, phrase, sentence and part thereof, if possible."[2] Had Griffith been given less than a maximum sentence, his ability to appeal would have been limited by R.C. 2953.08(A)(2).[3]
But, even under this statutory provision, we have permitted a defendant to bring an appeal on the basis that the trial court's findings were contrary to law or that none of the essential factors under R.C.2929.13(B)(1)(a) through (i) was supported by sufficient evidence.[4]
While Griffith concedes that the trial court made the appropriate findings on the record that community- control sanctions were not appropriate in this case, as well as appropriate findings on the record that the minimum sentence would demean the seriousness of the offense and would not adequately protect the public from future crime, he argues that the trial court's findings pursuant to R.C. 2929.14(C) to justify imposition of the maximum sentence of twelve months for a fifth-degree felony were neither explained nor supported by any evidence.[5]
Accordingly, we view this as a challenge to the sufficiency of the evidence in the record to support the trial court's R.C. 2929.14(C) findings.
When imposing prison terms, a court should be guided by the purposes and principles of sentencing pursuant to R.C. 2929.11. In deciding upon the length of the prison term, the trial court should consider the seriousness and recidivism factors outlined in R.C. 2929.12. Before imposing a prison term for a fourth- or a fifth-degree felony, the court should also consider whether any of the factors in R.C. 2929.13(B)(1)(a) through (i) apply, whether the offender is amenable to community control, and whether prison is consistent with the purposes and principles of sentencing. If the court imposes more than the minimum for a first-time prison term, it must, pursuant to R.C. 2929.14(B), also determine that the minimum term would demean the seriousness of the offense and not adequately protect the public, but it does not have to provide its reasons supporting these findings.[6]
When a maximum prison term is not mandatory, a maximum term may be imposed on the most deserving offenders,[7] which include, pursuant to R.C. 2929.14(C), the following: (1) offenders who have committed the worst forms of the offense; (2) offenders who pose the greatest likelihood of recidivism, (3) certain major drug offenders, and (4) certain repeat violent offenders. When imposing the maximum sentence, the trial court must make one of the R.C. 2929.14(C) findings and give its reasons supporting its finding.[8]
Having reviewed the record, including the sentencing worksheet, the transcript of the sentencing hearing, and the presentence-investigation report, we conclude that the trial court made the requisite sentencing findings, and that the record supports those findings. Under R.C.2929.12(B), the trial court found that Griffith's relationship with the victim had facilitated the offense and that Griffith had not beaten her up once, but had come back and beaten her up again. Under R.C. 2929.12(D), the court noted that Griffith had prior delinquencies or convictions and had had an unsuccessful probation. On the felony sentencing worksheet, under R.C. 2929.13(B), the court marked three of the listed statutory factors to support its conclusion that Griffith was not amenable to community control and that prison was consistent with sentencing purposes, that Griffith had caused physical harm, that he had a previous conviction for causing physical harm, and that he had been under community control at the time of the offense. Under R.C. 2929.14(B), the court noted that the shortest term would both demean the seriousness of the offense and not adequately protect the public. Under R.C. 2929.14(C), the court marked that Griffith had committed the worst form of the offense and posed the greatest likelihood of recidivism. On the record, the court further stated, "He's committed the worst form of the offense. He also poses the greatest likelihood of recidivism. He has a history of beating up women."
Clearly the court was very concerned for the continuing safety of the victim, who had suffered a large hematoma on her eye and a bruise on her leg the size of a football. While not contemporaneous with its discussion of the R.C. 2929.14(C) factors, when the court stated that Griffith might have killed the victim, she replied, "I think he was trying to." The court noted that it had placed Griffith on probation once, and expressed its regret for that decision. The court also noted that Griffith had a history of disregarding the law, including prior convictions for domestic violence, drug abuse, disorderly conduct, driving under suspension, and driving without a license. When Griffith tried to explain that he knew he had made a mistake, the court told him that it was not a mistake, and that he had intentionally beaten up women. Griffith responded, "Well, she aggravated me to do what I had to do." He also confirmed to the court that he had never been in prison before.
We hold that the record supports the trial court's imposition of the maximum prison term for the fifth-degree felony of domestic violence. Accordingly, Griffith's assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.
[1] See State v. Beasley (1999), 134 Ohio App.3d 694, 695,731 N.E.2d 1223, 1224.
[2] See State v. Wilson (1997), 77 Ohio St.3d 334, 336, 673 N.E.2d 1347,1349.
[3] See State v. Beasley (1999), 134 Ohio App.3d 694, 695,731 N.E.2d 1223, 1224.
[4] See State v. Brewer (Nov. 24, 2000), Hamilton App. No. C-000148, unreported, citing State v. Flahive (1998), 127 Ohio App.3d 32, 34,711 N.E.2d 746, 747.
[5] On December 19, 2000, before Judge O'Connor, Griffith entered a guilty plea to one count of domestic violence. A second count was dismissed. On January 12, 2001, because an earlier case had been before him, in which he had placed Griffith on probation, Judge Ruehlman conducted the sentencing hearing for the present case and completed the felony sentencing worksheet. The transcript for the hearing before Judge Ruehlman was transmitted to this court. The actual sentencing entry imposing the one-year term of incarceration was signed by Judge O'Connor on January 12, 2001, the same day that Judge Ruehlman had conducted the sentencing hearing.
[6] See State v. Edmonson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131, syllabus.
[7] See id. at 328, 715 N.E.2d at 135.
[8] See R.C. 2929.19(B)(2)(d); State v. Edmonson,86 Ohio St.3d at 328-329, 715 N.E.2d at 135.