[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant appellant Tami Bryant was indicted on September 26, 2000, for felonious assault, a first-degree felony, in violation of R.C.2911.02(A)(2), and for robbery, a second-degree felony, in violation of R.C. 2911.02(A)(2). On December 12, 2000, Bryant pleaded guilty to a reduced charge of assault on a peace officer in violation of R.C.2903.13(A), a fourth-degree felony, and the robbery charge was dismissed. On January 9, 2000, the trial court sentenced Bryant to eighteen months in prison, the maximum term of incarceration for the assault conviction. Bryant appeals the sentence, raising two assignments of error. We find neither assignment to be well taken.
In her first assignment of error, Bryant argues that the trial court erred in sentencing her to the maximum prison term because she did not commit the worst form of the offense. In her second assignment of error, Bryant argues that the trial court erred in sentencing her to more than the minimum term of imprisonment when she had never served a prison term. Bryant argues that she should have been sentenced either to community control or to the minimum term of confinement. We disagree.
A defendant is entitled to appeal as of right the maximum sentence imposed for an offense.[1] Assault upon a peace officer is a fourth-degree felony under R.C. 2903.13(A)(3), for which a trial court may impose a prison term of six to eighteen months.[2] When imposing a prison term, a trial court is required to make certain findings under R.C. 2929.11 through R.C. 2929.18, which must be supported by clear and convincing evidence.[3] A trial court's failure to follow the guidelines and to make the required findings to support the imposition of a sentence is contrary to law.[4]
A trial court may impose more than the minimum term for a first prison sentence if the court finds on the record that the minimum term would demean the seriousness of the offender's conduct or would not adequately protect the public from future conduct by the offender or others.[5] The trial court need not state its reasons for such a finding.[6] To impose the maximum sentence, a trial court must additionally make one of four findings: (1) that the offender has committed the worst form of the offense; (2) that the offender poses the greatest likelihood of recidivism; (3) that the offender is a repeat violent offender; or (4) that the offender is a major drug offender.[7] In addition, the trial court must give reasons supporting its imposition of the maximum prison term.[8]
Having reviewed the record, including the sentencing worksheet, the transcript of the sentencing hearing, and the presentence-investigation report, we conclude that the trial court made the requisite sentencing findings, and that the record supports these findings.
Before imposing a prison term for the fourth-degree felony, the court made the requisite findings under R.C. 2929.13(B)(2)(b) that Bryant was not amenable to community control and that prison was consistent with the sentencing purposes in R.C. 2929.11. In support of these findings, the court weighed the seriousness and recidivism factors of R.C. 2929.12(B) through (E). The court cited Bryant's prior convictions for operating with a suspended license and operating without insurance and also noted that Bryant had caused physical harm to the officer in the present case. The court made these findings both orally at the sentencing hearing and on the sentencing worksheet.
Bryant argues that the trial court erred in not considering possible mitigating factors noted by the probation department in the presentence-investigation report. Under the "recidivism less likely factor," the probation department noted that Bryant had no prior delinquencies or adult convictions; that she had been leading a law-abiding life for a number of years; and that the circumstances were unlikely to recur. The court did not mark boxes next to these factors on the sentencing worksheet.
The trial court's failure to mark these mitigating factors on the sentencing worksheet does not necessarily demonstrate that the trial court failed to consider the mitigating factors when sentencing Bryant; it might just as reasonably be said that the trial court chose not to give these mitigating factors the same weight that Bryant argued them to have. Additionally, the presentence-investigation report is but one of several sources of information the trial court must consider before imposing sentence.[9] As a result, we cannot conclude here that the trial court erred in imposing a prison term instead of community-control sanctions.
Furthermore, we cannot conclude the trial court erred in imposing more than the minimum sentence, even though Bryant had not previously served a prison term. In accordance with R.C. 2929.14(B), the court stated orally at the sentencing hearing and on the sentencing worksheet its finding that the shortest term of imprisonment would demean the seriousness of the offense and would not adequately protect the public. Further, in imposing the maximum sentence, the court specifically found on the sentencing worksheet that Bryant had committed the worst form of the offense and stated the basis for this finding orally at the sentencing hearing:
 We have a police officer — -it is one thing to be involved in a theft. That's one thing. Once you're arrested, to not give up, instead just a few days after another policeman was run over and killed by the same kind of thing, she takes off and drags him and throws him off the car.
 Bryant argues that the court's finding that she had committed the worst form of the offense is not supported by the record. She argues that she did not commit the worst form of the offense because the officer only suffered minor bruises. We disagree. We have held that "there can be several different `worst' forms of the offense so long as they involve conduct that is particularly repugnant, threatening, or otherwise deserving of punishment."[10] In determining whether a defendant has committed the worst form of the offense, a court must consider the totality of the circumstances.[11]
The record in this case supports the trial court's finding. The record reveals that Bryant, in fleeing from the scene in her car, dragged an officer, whose radio was caught on a seat belt, twenty to twenty-five yards until she took a sharp turn and his radio broke free, causing the officer to sustain injury. Given the fact that the officer could have been killed in the incident, the totality of the circumstances supports the trial court's finding that Bryant committed the worst form of the offense. Thus, the trial court's imposition of the maximum sentence was appropriate. Upon the record before us, we cannot clearly and convincingly conclude that the record does not support Bryant's sentence or that the sentence is contrary to law. As a result, we overrule Bryant's first and second assignments of error. We, therefore, affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Sundermann, JJ.
[1] See R.C. 2953.08(A)(1)(a); State v. Beasley (1999),134 Ohio App.3d 694, 695, 731 N.E.2d 1223, 1224.
[2] See R.C. 2929.14(A)(4).
[3] R.C. 2953.08(G)(1).
[4] State v. Sheppard (1997), 124 Ohio App.3d 66, 705 N.E.2d 411.
[5] See R.C. 2929.14(B).
[6] See State v. Edmonson (1999), 86 Ohio St.3d 324, 326, 715 N.E.2d 131,133.
[7] See R.C. 2929.14(C).
[8] See R.C. 2929.19(B)(2)(d); State v. Edmonson (1999),86 Ohio St.3d 324, 328-329, 715 N.E.2d 131, 135.
[9] See R.C. 2929.19(B)(1).
[10] State v. Brock (Nov. 3, 2000), Hamilton App. No. C-000085, unreported.
[11] See State v. Boshko (2000), 139 Ohio App.3d 827, 836-837,745 N.E.2d 1111, 1118-1119.