The STATE of Ohio, Appellee,

v.

SHEPPARD, Appellant.

[Cite as *State v. Sheppard* (1997), 124 Ohio App.3d 66.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–961083.

Decided Nov. 7, 1997.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *William E. Breyer,* for appellee.

*Masters & Co., L.P.A.,* and *Carolyn C. Neagle,* for appellant.

---

SUNDERMANN, Judge.

Appellant, Scott Sheppard, appeals his conviction for attempted aggravated arson.[1]  Because we conclude that appellant's sole assignment of error has merit, we modify the judgment of the trial court.

Appellant was indicted for aggravated arson, in violation of R.C. 2909.02(A)(2). Appellant pleaded guilty to attempted aggravated arson, in violation of R.C. 2923.02, a felony of the third degree.  Appellant admitted that he had set a fire in a trash can in an academic building at the University of Cincinnati.  According to the transcript of the plea and sentencing hearings and the presentence report, appellant set the fire to hinder another person from pursuing him for sexual favors.  The fire created smoke, but there was little damage to the building. After reviewing the presentence report, the trial court sentenced appellant to five years, the maximum penalty for a felony of the third degree.

In his sole assignment of error, appellant states that "the trial court abused its discretion when sentencing appellant to the maximum prison term allowed under the sentencing guidelines."  We first note that we no longer review sentencing

---

1.  We have *sua sponte* removed this case from the accelerated calendar.

under an abuse-of-discretion standard. Rather, 1995 Am.Sub.S.B. No. 2 now requires a different review by an appellate court. R.C. 2953.08 provides:

"(G)(1) The court hearing an appeal of a sentence * * * may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:

"(a) That the record does not support the sentence;

" * * *

"(d) That the sentence is otherwise contrary to law."

Accordingly, we will review the sentence under the new guidelines. See, generally, *State v. Phillips* (June 18, 1997), Hamilton App. No. C–960898, unreported, 1997 WL 330605; *State v. Shryock* (Aug. 1, 1997), Hamilton App. No. C–961111, unreported, 1997 WL 1008672.

Pursuant to R.C. 2953.08(F), we have reviewed the transcript of the hearings as well as the presentence report.[2] During the hearing, the trial court first considered the seriousness and recidivism factors, pursuant to R.C. 2929.12. The court concluded that the offense was motivated by prejudice based on sexual preference. However, this finding is not supported by the record. There was no evidence presented that appellant set the fire because the person pursuing him was a homosexual. Rather, the record indicates that the fire was set to avoid contact with that person. The trial court, referring to the presentence report and an unsworn statement made by a witness during the sentencing hearing, concluded that appellant had set a similar fire previously. Appellant's only prior conviction was for solicitation, which does not indicate in any way the likelihood that appellant would attempt to set another fire. Without more on the record, we conclude that the trial court's finding of likely recidivism was not supported by the record.

After considering the factors in R.C. 2929.12, the trial court turned its attention to R.C. 2929.14, which delineates guidelines for the lengths of prison terms. According to R.C. 2929.14(A)(3), the range of the sentence terms for a felony of the third degree is one to five years. R.C. 2929.14(B) prohibits a trial court from sentencing a person who has not previously served a prison term to more than the minimum authorized prison term, unless the trial court finds "that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or

---

2. We note for appellate counsel that presentence reports are now kept on file in the court reporters' office and can be signed out for review by counsel on appeal.

others." This section applies to appellant because the sentence he was given for solicitation was not a prison term. See R.C. 2929.01(CC). The trial court found that a lesser sentence would demean the seriousness of the offense. However, as described in the presentence report and victim-impact statement, there was little damage done by the fire. The trial court also found that the public would not be adequately protected, but the evidence does not support this conclusion. Therefore, we conclude that the record does not adequately support the trial court's findings with respect to R.C. 2929.14(B).

R.C. 2929.14(C) provides:

"[T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *."

Pursuant to this section, the trial court concluded that the maximum sentence permitted for a felony of the third degree should be imposed due to what the trial court considered was appellant's likelihood of recidivism. However, as discussed above, the trial court's finding of the "greatest likelihood" of recidivism is not supported by the record. Accordingly, we conclude that there is clear and convincing evidence that the sentence is not supported by the record. See R.C. 2953.08(G). The sole assignment of error is well taken.

R.C. 2953.08(G)(1) provides that this court may "increase, reduce, or otherwise modify a sentence that is appealed." We have clearly and convincingly found that appellant's sentence is not supported by the record. Further, because the trial court's findings under R.C. 2929.14(B) were not supported by the record, we conclude that appellant's sentence should be the minimum. Accordingly, we order that the sentence be modified to a term of one year. The judgment of the trial court is affirmed as modified.

*Judgment affirmed as modified.*

MARIANNA BROWN BETTMAN, J., concurs.

PAINTER, P.J., concurs separately.

PAINTER, Presiding Judge, concurring separately.

I concur in Judge Sundermann's excellent analysis. I write separately only to emphasize that sentences such as the one imposed here, with no foundation in law or the trial court's record, will be modified by this court on appeal. The new

sentencing law requires us to review sentences for compliance, and we will not hesitate to do our duty.