OPINION.
The defendant-appellant is denominated in the indictment as "Duwan Shackelford," whereas he is referred to at other points in the record and in the captions of the briefs as "Duwan Shackleford." We take the correct spelling of his last name to be that upon the indictment, and we reflect our conclusion in our use of it in our caption in this decision.
References to antecedent proceedings in this case are essential to our resolution of this appeal. On September 12, 1997, Shackelford was found guilty by a jury of the crimes of aggravated robbery and robbery, with gun specifications. On September 26, 1997, the trial court, after considering a presentence report that included a victim-impact statement, sentenced Shackelford to a term of ten years in prison for the aggravated robbery and a consecutive term of one year on the specification. The robbery offense was, for sentencing purposes, merged with the aggravated robbery conviction. An appeal to this court was then taken.
In that appeal, Shackelford argued that his sentence was excessive and that the trial court had failed to provide the findings necessary for imposition of the maximum term of imprisonment. This court held:
 Because the record fails to reflect these predicate findings for the imposition of the maximum prison term and for failure to impose the shortest prison term, we are unable to determine if the sentence imposed is clearly and convincingly supported by the record. Therefore, we vacate the sentence and remand this case to the trial court with instructions to consider, consistent with this decision, the sentencing factors under R.C. 2929.14(B) and (C) and, upon reconsideration of the evidentiary material, to make the appropriate findings for our sentence review.
State v. Shackelford (Oct. 23, 1998), Hamilton App. No. C-970889, unreported.
On December 11, 1998, the judge who had presided over Shackelford's trial, and who had imposed sentence upon him originally, conducted a hearing at which Shackelford appeared with counsel, for purposes of resentencing him pursuant to our order. At the conclusion of the hearing, the judge imposed a sentence identical to that given on September 26, 1997, viz., the sentence considered in Shackelford's first appeal. On December 15, 1998, the appeal sub judice was filed. Shackelford's singular assignment of error is:
The sentence imposed on the verdicts of guilty [is] excessive and fail[s] to comply with the purposes set forth in R.C. 2929.11
and [to] follow the procedures as set forth in R.C. 2929.12,2929.13 and R.C. 2929.14.
The gist of Shackelford's argument is that, although the trial court remedied the omission of the findings required by law, the lack of which formed the basis for our reversal and remand, by filing complete felony-sentencing findings, it, in Shackelford's words, "merely checked off factors listed to justify a sentence he [the judge] had arbitrarily reached."
In the felony-sentencing findings journalized December 11, 1998, the court, inter alia, determined that the victim of the crimes had "suffered serious physical emotion/psychological harm [sic]"; that Shackelford had had an unsuccessful probation or parole; that he had expressed no remorse; that a shorter term would demean the seriousness of the offense and would not adequately protect the public; and that Shackelford had committed the worst form of the offense and posed the greatest likelihood of recidivism.
In State v. Kershaw (Feb. 5, 1999), Hamilton App. No. C-980164, unreported, we considered an assignment of error that the trial court had erred in finding that Kershaw had committed the worst form of the offense of voluntary manslaughter. The lead opinion in the case "acknowledg[ed] the difficulty of reviewing the nebulous concept of the `worst' form of the offense," a statutory factor that is abstract in nature and wholly subjective in its practical application.
The legislature's use of the superlative "the greatest likelihood" in defining the recidivism factor presents much the same difficulty. And aspects of R.C. 2953.08(G)(1), which sets the bounds of appellate felony-sentencing review, have proved equally confounding.
R.C. 2953.08(G)(1), which has supplanted the abuse-of-discretion standard of appellate felony-sentencing review, provides in relevant part:
The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
(a) That the record does not support the sentence;
* * *
(d) That the sentence is otherwise contrary to law.
Thus, the statute unequivocally permits a reviewing court to modify or vacate an appealable sentence, when the sentence is "contrary to law." See State v. Shyrock (Aug. 1, 1997), Hamilton App. No. C-961111, unreported. The statute also indisputably permits a reviewing court to modify or vacate a sentence on the ground that "the record does not support the sentence," when the record discloses no evidence that might support a predicate finding. See State v. Hill (Feb. 19, 1999), Hamilton App. No. C-971098, unreported. Finally, although R.C. 2953.08(G)(1) does not afford an appellant a right to de novo review of his sentence, cf. Kershaw, supra, the statute does permit a reviewing court to modify or vacate a sentence, if the reviewing court, with deference to the balance struck by the sentencing court in weighing the relevant evidence, concludes, with a degree of certainty that may be characterized as "clear and convincing," that "the record does not support the sentence." See State v.Sheppard (1997), 124 Ohio App.3d 66, 705 N.E.2d 411.
Our review of the record of the proceedings below demonstrates the trial court's compliance with the controlling sentencing provisions and discloses an adequate evidentiary fundament for each of its findings. We, therefore, are unable to conclude that the imposition upon Shackelford of the maximum, and not the minimum, authorized sentence of confinement was either contrary to law or unsupported by the record. Accordingly, we overrule Shackelford's sole assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
 Hildebrandt, P.J., concurs.
Painter, J., dissents.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.