JOURNAL ENTRY AND OPINION
After pleading guilty to one count of involuntary manslaughter, R.C. 2903.04, defendant-appellant William McKinley was sentenced to serve ten years in prison, the longest prison term authorized for a first degree felony. McKinley contends that the trial court erred in sentencing him to this prison term. We find no error in the court's sentence and therefore affirm.
McKinley's offense arose from a fatal shooting that occurred in the early morning hours of November 13, 1998. On that day, McKinley met several friends at Devin Milner's house. After a time, it was agreed that McKinley would return his car to his mother's house and three of McKinley's friends, including Milner, would meet McKinley at his mother's house. When McKinley's friends arrived at his mother's house, McKinley got into the back seat and, at front seat passenger Milner's instruction, the car eventually stopped at a house. Milner and McKinley exited the car, and McKinley eventually saw Milner return to the car carrying an object that was covered by a black garbage bag wrapped in a tee shirt. At Milner's request, the driver opened the trunk of the car. After all four individuals reentered the car, Milner told the driver to proceed to another street. At that location, Milner exited the vehicle and repeatedly fired a semi-automatic weapon at a house. One occupant of the house was killed during the shooting.
McKinley, Milner, and the others were apprehended and were each charged with one count of aggravated murder, and four counts of attempted aggravated murder, with additional specifications. In a plea bargain under which McKinley agreed to testify truthfully against Milner, the charge of aggravated murder was amended to involuntary manslaughter and all other counts and specifications were dismissed. McKinley was subsequently sentenced to a ten-year prison term. McKinley raises four assignments of error, but we choose to address them out of sequence.
McKinley's second assignment of error states:
II. THE TRIAL COURT ERRED BY IMPOSING THE MAXIMUM SENTENCE ON THIS DEFENDANT AS THE TRIAL COURT FAILED TO MAKE A FINDING ON THE RECORD AS TO WHETHER THIS WAS THE WORST FORM OF THE OFFENSE.
This contention lacks merit.
Involuntary manslaughter committed during the commission of a felony under R.C. 2903.04(A) is a first degree felony. R.C.2903.04(C). The prison term for a first degree felony may be as little as three years and as much as ten years. R.C.2929.14(A)(1). McKinley contends the trial court failed to make the findings required by R.C. 2929.14(C) and R.C. 2929.19(B)(2)(d) to justify the maximum prison term. We disagree.
R.C. 2929.14(C) provides:
 [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
Contrary to McKinley's argument, the finding necessary for a maximum sentence need not necessarily reflect that the offender committed the worst form of the offense; a finding that the offender poses the greatest likelihood of committing future crimes will also support the maximum sentence. In this case, the trial court reviewed McKinley's criminal history, which included two prior convictions for receiving stolen property, the second of which was a felony for which McKinley had been placed on probation, a previous misdemeanor drug trafficking conviction, and a current drug possession charge. Following this review, the trial court declared:
 This is not a man that abides by the law. He may have a serious drug problem. He obviously has a serious judgment problem in judgment. And what he did, in the middle of the night, was exceedingly dangerous stuff because he acted as a lieutenant.
 I find Mr. McKinley poses the greatest likelihood of committing future crimes because of what he did in this case and based on his prior record, and I am going to announce and impose a maximum sentence of ten years in the Lorain Correctional Institution.
We believe the trial court's finding is sufficient to explain that the longest term was imposed because McKinley posed the greatest likelihood of committing future crimes. We therefore overrule McKinley's second assignment of error.
McKinley's third assignment of error states:
III. THE TRIAL COURT ERRED BY IMPOSING THE MAXIMUM SENTENCE ON THIS DEFENDANT AS THE TRIAL COURT FAILED TO MAKE A FINDING ON THE RECORD THAT WOULD REBUT THE PRESUMPTION OF A MINIMUM PRISON TERM.
This contention lacks merit.
R.C. 2929.14(B) provides, in relevant part:
 (B) Except as provided in division (C) * * * of this section, * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. (Emphasis added.)
In State v. Edmonson (1999), 86 Ohio St.3d 324, the court ruled that the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence. Id. at 326. The court need not, however, provide reasons for its findings.[1] The Edmonson syllabus states:
 R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence. (Italics in original.)
The court went on to clarify what finds means:
 By contrasting this statute with other related sentencing statutes, we deduce that the verb finds as used in this statute means that the court must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons.
Id., 86 Ohio St.3d at 326.
In this case, the record of the sentencing hearing reflects that the court found that McKinley was likely to commit crimes in the future. The court was not required to provide reasons for its finding, although the record here is clear enough as to the trial court's consideration. We are satisfied that the court adequately identified those findings which precluded a minimum sentence and justified a maximum sentence. The third assignment of error is therefore overruled.
McKinley's first and fourth assignments of error assert:
 I. THE TRIAL COURT ERRED BY IMPOSING THE MAXIMUM SENTENCE ON THIS DEFENDANT AS THE RECORD DOES NOT SUPPORT THE SENTENCE.
 IV. THE TRIAL COURT ERRED IN FINDING THAT THIS DEFENDANT POSED A GREAT LIKELIHOOD OF RECIDIVISM BASED ON HIS UNRELATED PRIOR OFFENSES.
McKinley contends that the record is insufficient to sustain the trial court's finding that McKinley posed the greatest likelihood of committing future crimes. We cannot disturb McKinley's sentence unless we find the record does not clearly and convincingly support the sentence. See R.C. 2953.08(G)(1)(a).
McKinley argues that there was no evidence he had any knowledge or suspicion Milner intended to do any harm. McKinley, however, pleaded guilty to R.C. 2903.04(A), that is, having caused the death of another as a proximate result of the offender's committing or attempting to commit a felony. (Emphasis added.) His plea of guilty to R.C. 2903.04(A) implies he intended to commit a felony, even if only as a lieutenant acting as an aide to another. McKinley cannot now claim he did not participate beyond his mere presence at the crime scene. His plea of guilty goes well beyond such a claim. His plea of guilty was an admission not only that he caused a death but also that he, at least, attempted to commit a felony. His guilty plea, when considered in conjunction with his criminal history, provides sufficient basis from which to conclude there existed a great likelihood that McKinley would commit crimes in the future and that a maximum prison sentence was warranted under the circumstances.
On the basis of State v. Sheppard (1997), 124 Ohio App.3d 66, appellant also argues that a finding of recidivism must be based on similar crimes and that involuntary manslaughter is unrelated to his three previous convictions for twice receiving stolen property and drug trafficking, as well as a current drug possession charge. The Sheppard court, however, analyzed one prior conviction for solicitation as no predictor that the defendant would commit arson again. In the case at bar, on the other hand, we find a history of stolen property and drugs, which pattern has accelerated into the death of an innocent bystander. Appellant cannot use his bargained plea to shield him from a finding of recidivism when he has clearly chosen a path of crime and criminal cohorts and the crime is now accelerating into violence.
We cannot say that the trial court's assessment is clearly and convincingly unsupported by the record. We therefore overrule the first and fourth assignments of error.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________________________________ DIANE KARPINSKI, PRESIDING JUDGE
LEO M. SPELLACY, J., and MICHAEL J. CORRIGAN, J., CONCUR.
[1] The Supreme Court goes on to contrast R.C. 2929.14(C) and 2929.19(B)(2)(d), on the one hand, which requires a court to give its reasons for selecting the maximum prison term, as opposed to R.C. 2929.14(B), which requires the court to make a finding when it denies the minimum prison term, for a first-time offense.