[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
Defendant-appellant, Darrell W. Ervin, pleaded guilty to and was convicted of one count of gross sexual imposition pursuant to R.C. 2907.05(A)(4), a third-degree felony, and one count of gross sexual imposition pursuant to R.C. 2907.05(A)(1), a fourth-degree felony. The trial court sentenced him to serve five years' incarceration on the first count and one and one-half years' incarceration on the second count. The sentences were the maximum that Ervin could have received, and the court ordered them to run consecutively. It also found Ervin to be a sexual predator pursuant to R.C. Chapter 2750. This appeal followed.
Ervin presents two assignments of error for review. In his first assignment of error, he contends that the trial court's sentences were contrary to law. First, he argues that the trial court should not have sentenced him to serve a prison term for the fourth-degree felony. The trial court found that Ervin was not amenable to community control and that a prison term was consistent with the purposes and principles of sentencing, as required by R.C. 2929.13(B)(2). These findings were supported by evidence showing the following: (1) Ervin had engaged in a pattern of abuse of the two victims, who were his nieces; (2) the victims and their families had suffered substantial harm; (3) Ervin had previous convictions for drug and alcohol related offenses; and (4) he had failed to submit to a polygraph examination that was necessary to begin a treatment program. Under the circumstances, we cannot say that the trial court's findings were not supported by clear and convincing evidence or that they were contrary to law. R.C. 2953.08(G)(1); State v.Napier (Aug. 28, 1998), Hamilton App. No. C-970383, unreported. Therefore, the trial court did not err in sentencing Ervin to a prison term for the fourth-degree felony. See State v. Abbington
(Aug. 8, 2000), Franklin App. No. 99AP-1337, unreported; State v.Parker (July 5, 2000), Ashland App. No. 99COA01340, unreported.
Next, Ervin contends that the trial court improperly sentenced him to serve more than the minimum prison term on each offense. The trial court found, as required by R.C. 2929.14(B), that the minimum prison term would demean the seriousness of the offender's conduct and would not adequately protect the public from future crime by the offender. R.C. 2929.14(B) did not require the court to state its reasons for these findings. State v. Edmonson
(1999), 86 Ohio St.3d 324, 715 N.E.2d 131, syllabus. Nevertheless, the record shows that the court's findings in this case were based on Ervin's pattern of abuse of the victims, his relationship to the victims, and the severe psychological harm they suffered as a result of his actions. Under the circumstances, we cannot hold that the trial court's findings were not supported by the evidence or that they were contrary to law. See State v. Sheppard (1997), 124 Ohio App.3d 66, 705 N.E.2d 411;Napier, supra; State v. Brooks (Aug. 18, 1998), Franklin App. No. 97APA11-1543, unreported.
Ervin next argues that the trial court erred in imposing the maximum sentence for each offense. The trial court found, pursuant to R.C. 2929.14(C), that Ervin had committed the worst form of the offense. This finding was based upon the victims' ages, their relationship to Ervin and the substantial harm they suffered. Under the circumstances, we cannot say that this finding was not supported by clear and convincing evidence or that it was contrary to law. See Edmonson, supra; State v. Parsons
(Nov. 26, 1999), Hamilton App. No. C-980900, unreported; Napier,supra.
Finally, Ervin argues that the trial court erred in imposing consecutive sentences. The trial court found, as required by R.C.2929.14(E)(4), that consecutive sentences were necessary in this case to protect the public from future crime and to punish the offender, and that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and the danger he imposed to the public. Further, the court found, pursuant to R.C.2929.14(E)(4)(b), that the harm caused by the multiple offenses was so great and unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflected the seriousness of the offender's conduct. Under the circumstances, we cannot say that these findings were not supported by clear and convincing evidence or that they were contrary to law. See State v. Smith (Sept. 17, 1999), Hamilton App. No. C-980887, unreported; State v. Davenport (July 30, 1999), Hamilton App. No. C-980516, unreported. Therefore, we will not disturb the trial court's sentence, and we overrule Ervin's first assignment of error.
In his second assignment of error, Ervin contends that his adjudication as a sexual predator was against the manifest weight of the evidence. The record shows that Ervin waived his right to an indictment and was charged by information. One of the charges in the information, to which he pleaded guilty, contained a specification that he was a sexually violent predator. If an offender pleads guilty to a sexually violent offense on or after July 1, 1997, and pleads guilty to a sexually-violent-predator specification in the indictment or information charging the sexually violent offense, the offender is automatically classified as a sexual predator. R.C. 2950.09(A); State v. Williams (2000),88 Ohio St.3d 513, 728 N.E.2d 342. Accordingly, we overrule Ervin's second assignment of error. We affirm his conviction and sentence, as well as his adjudication as a sexual predator.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., DOAN and WINKLER, JJ.