[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Following guilty pleas, the defendant-appellant, Amy Mendez, was convicted of conspiracy to commit trafficking in marihuana in violation of R.C. 2923.01, a third-degree felony, and possession of cocaine in violation of R.C. 2925.11(A), a fifth-degree felony. The trial court sentenced Mendez to four years' incarceration for the conspiracy conviction and to six months for the possession conviction, with the terms to run concurrently. On appeal, Mendez argues that the trial court erred in sentencing her to imprisonment for more than the minimum terms without making the required findings.
Minimum sentences are favored for first-time imprisonment.[1] But where the trial court elects to impose more than a minimum sentence for a third-degree felony, the record must show that it engaged in an analysis and varied from the minimum sentence for at least one of the two sanctioned reasons in R.C. 2929.14(B).[2] The trial court must find on the record that the shortest prison term will demean the seriousness of the offender's conduct or that it will not adequately protect the public from future crime by the offender or others.[3] R.C. 2929.14(B) does not require the trial court to explain either finding.[4]
The trial court has completed a felony sentencing worksheet. In the section addressing R.C. 2929.14(B), the trial court marked that the shortest term alone would both demean the seriousness of the offenses and not adequately protect the public. The trial court also marked on the worksheet for both convictions, as a relevant factor under R.C. 2929.12(D), that recidivism was likely, and in the comments section, wrote that Mendez's activities while on bond suggested recidivism was likely. The transcript of the sentencing hearing reveals the trial court's acknowledgment that it understood why the state had asked for the maximum penalty. The trial court emphasized to Mendez that she alone was responsible for getting herself in trouble, not the community or the police. The court had a presentence-investigation report and an arresting officer's statement that it reviewed. The arresting officer's statement was that Mendez had hampered numerous drug investigations by warning suspects and had continued to use and traffic in narcotics while on bond. According to the arresting officer, in a taped interview, Mendez had admitted delivering, from April to November 1999, 3,300 pounds of marihuana and ten kilos of cocaine to one source in Cincinnati. Mendez was one of four conspirators charged in the indictment.[5] Also in the presentence-investigation report, she admitted to using cocaine once every two months, but remarked that she did not have a problem because her use was "just a party thing." At the sentencing hearing, Officer Mercado told the trial court that, despite being warned not to engage in narcotics trafficking while on bond, Mercado continued to do so. The four-year prison term was within the range of allowable sentences for a third-degree felony.[6] As clear and convincing evidence supported the trial court's findings and the sentence imposed for the third-degree felony was not contrary to law, the trial court committed no error in sentencing Mendez for the conspiracy.[7]
Mendez's cocaine possession was a fifth-degree felony. "Ordinarily, a community-control sanction satisfies the overriding purposes of R.C.2925.11 for a fifth-degree felony."[8] But a trial court shall impose a prison term for a fifth-degree felony where (1) it finds that one of the factors listed in R.C. 2929.13(B)(1) is applicable; (2) a prison term is consistent with the purposes and principles of sentencing in R.C.2929.11; and (3) the offender is not amenable to an available community-control sanction.[9] For a fifth-degree felony, an offender may appeal a prison term imposed without a finding of one of the R.C.2929.13(B)(1) imprisonment factors, or a sentence that is otherwise "contrary to law."[10] We have said that "[e]ven if a sentencing factor is not found under 2929.13(B)(1), a trial court may still impose a prison term for a fifth-degree felony if it finds that, consistent with the purposes and principles of sentencing, an offender is not amenable to community control pursuant to R.C. 2929.13(B)(1)."[11] In this case, the trial court did not mark a factor on the pertinent section of the worksheet. But the trial court did mark elsewhere that Mendez's activities while on bond suggested that recidivism was likely and that a minimum sentence would both demean the seriousness of the offense and not adequately protect the public. Under the circumstances, we cannot say that the trial court erred in sentencing Mendez to a prison term for the cocaine possession. A six-month prison term was within the range of allowable sentences for a fifth-degree felony.[12] As clear and convincing evidence supported the trial court's findings and the sentence imposed for the fifth-degree felony was not contrary to law, the trial court committed no error in sentencing Mendez on count two.[13] As neither sentence is voidable under any of the provisions of R.C.2953.08,[14] we overrule the single assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.
[1] See State v. Edmonson (1999), 86 Ohio St.3d 324, 325,715 N.E.2d 131, 133.
[2] See id. at 326, 715 N.E.2d at 133.
[3] See R.C. 2929.14(B).
[4] See State v. Edmonson, supra, 86 Ohio St.3d at 326,715 N.E.2d at 133.
[5] At the time Mendez entered her guilty plea, another conspirator entered a guilty plea and another entered a no-contest plea.
[6] See R.C. 2929.14(A)(3).
[7] See State v. Sheppard (1997), 124 Ohio App.3d 66, 68, 705 N.E.2d 411,412-413; State v. Napier (Aug. 28, 1998), Hamilton App. No. C-970383, unreported.
[8] See State v. Brewer (Nov. 4, 2000), Hamilton App. No. C-000148, unreported, citing A Plan For Felony Sentencing in Ohio: A Formal Report of the Ohio Criminal Sentencing Commission (July 1, 1993), 81-82.
[9] See State v. McNeel (May 22, 1998), Hamilton App. No. C-960980, unreported.
[10] See State v. Smith (Sept. 17, 1999), Hamilton No. C-980887, unreported.
[11] See State v. Brewer, supra.
[12] See R.C. 2929.14(A)(5).
[13] See State v. Sheppard, supra, 124 Ohio App.3d at 68,705 N.E.2d at 412-413; State v. Napier (Aug. 28, 1998), Hamilton App. No. C-970383, unreported.
[14] See State v. Beasley (1999), 134 Ohio App.3d 694, 695-696,731 N.E.2d 1223, 1224-1225; State v. Smith (Sept. 17, 1999), Hamilton App. No. C-980887, unreported.