On this appeal from a resentencing by Judge Kathleen A. Sutula mandated by State v. Berry (Mar. 9, 2000), Cuyahoga App. Nos. 75470, 75471, unreported (Berry I), I concur in the majority's opinion with respect to the fourth assignment of error, dissent on the first and second assignments of error and, based on my resolution of the first and second assignments, would find the third assignment of error moot. In his first appeal, Berry claimed, inter alia, that he should not have received both maximum and consecutive sentences, and that he should have received the shortest term available. The Berry I court first found that the judge had failed to determine whether he was entitled to the presumption of a minimum term, and, even though he had not assigned error to the failure, we stated that [w]hether Berry should have received the shortest term under R.C. 2929.14(B) remains to be determined by the trial court in light of this court's remand for resentencing. We also found that the judge had imposed the maximum prison terms without making a finding that Berry had committed the worst form of the offense or posed the greatest likelihood of committing future crimes under R.C. 2929.14(C).
In this appeal from the resentencing, Berry contends that the record does not support the conclusion that he committed the worst form of the offense, that the judge failed to set forth a finding that gives the reasons for imposing the maximum term, that she failed to find that the shortest prison term would demean the seriousness of his conduct or would not adequately protect the public when considering he was a first-time offender, and that the record and the lack of findings support neither maximum nor consecutive sentences. Despite this court's pronouncement to the contrary in the Berry I opinion remanding the case for resentencing, the majority opinion upholds the maximum sentence, finding that the judge was not required to consider imposing the minimum sentence under R.C. 2929.14(B) when she made a worst form of the offense finding under R.C. 2929.14(C).
Under State v. Edmonson,[1] the determination under R.C. 2929.14(C) cannot proceed in advance of, or in the absence of, necessary analysis under R.C. 2929.14(B), and it is error to impose the maximum term of incarceration without addressing the presumption of minimum sentencing. The majority's opinion cannot be reconciled with the facts of Edmonson, in which the Ohio Supreme Court found that a judge failed to comply with both R.C. 2929.14(B) and (C) when a maximum sentence was imposed as a first-time prison term.
All but one of the majority's citations to contrary authority predate Edmonson,[2] and the lone exception fails to address Edmonson's facts.[3] Since Edmonson, this court (including two judges of this panel) has also found that a maximum sentence cannot be imposed as a first-time prison term without first expressly addressing and rejecting the minimum.[4] Moreover, the majority's citation to an unreported case from the Court of Appeals for Hamilton County is questionable authority, because it arguably conflicts with a reported decision from the same court.[5]
Edmonson indicates that the exceptions clause stated in R.C. 2929.14(B) is narrowly construed, and does not allow judges to disregard the fact that an offender has not previously served a prison sentence when considering the discretionary imposition of a maximum prison term, although the factor is rendered moot where another provision mandates a maximum term. The worst form or greatest likelihood of recidivism determinations are not mandatory findings, and a judge considering a maximum term for these reasons must first recognize and consider that an offender has not previously served a prison term.
The majority's plain meaning analysis fails to employ the strict construction required by R.C. 2901.04, and allows judges to ignore the General Assembly's intent to limit the length of first-time prison terms. Although a worst form finding implies a belief that a minimum sentence will demean the seriousness of the offense, Edmonson states that such a finding will not be implied — the judge must expressly address R.C. 2929.14(B) to show that the minimum sentence was considered. Without recognition of R.C. 2929.14(B), a discretionary finding under R.C. 2929.14(C) is faulty.
I would also sustain that portion of Berry's second assignment of error that claims a lack of findings and reasons to support the consecutive sentences.[6] Under R.C. 2929.14(E)(4), a judge may impose consecutive sentences only upon satisfaction of the following conditions:
 (1) the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender; and
 (2) the court finds that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and
 (3) if the court finds any one of the three factors set forth in R.C. 2929.14(E)(4)(a)-(c).
In addition, when imposing consecutive sentences, R.C. 2929.19(B)(2)(c) requires a finding that gives reasons for such sentences.
Although the majority quotes the judge's statement when she imposed the consecutive sentences, they do not explain how that statement qualifies as a statement of all the required findings, much less the reasons for those findings because they are not in the record. In the present case, the judge found that no single prison term for either the one count of sexual battery or the one count of gross sexual imposition would be sufficient, nor would it adequately reflect the seriousness of [his] conduct. While this finding satisfies R.C. 2929.14(E)(4)(b),[7] the judge did not make the findings outlined in points 1 and 2 above, nor did she articulate valid reasons to support the consecutive sentence findings. She only stated:
 A minister, supposedly of the Lord, taking sexual advantage of two minors of his community, his religious community, while engaged, and showing absolutely no remorse for your actions throughout your pre-sentence investigation and all the time that this court has spent on your case. The Court imposes that sentence.
The majority turns a blind eye not only on this patent violation of statutory requirements but also on their duty under R.C. 2953.08(G)(1).
The provisions of R.C. Chapter 2929, including the requirements of findings and reasons, are intended to aid uniformity in sentencing by allowing comparison and appellate review. When a defendant claims that a judge has failed to properly apply sentencing provisions, we have a duty to correct the error. When, as was done in Berry I, we remand the case for resentencing and the judge again errs, we do not serve any desirable goal encouraging continued error by affirming the judgment on a theory that the resentencing was close enough. The majority's opinion turns the General Assembly's sentencing reform provisions into a game of horseshoes that is disrespectful of that body's laudable efforts and thwarts the goals of its provisions.
I would vacate the sentence in CR-365351 and remand for resentencing.
[1] (1999), 86 Ohio St.3d 324, 715 N.E.2d 131.
[2] State v. Sherman (May 20, 1999), Cuyahoga App. No. 74297, unreported; State v. Jackson (Aug. 20, 1999), Hamilton App. No. C-980512, unreported; State v. Phipps (Feb. 25, 1999), Allen App. No. 1-98-69, unreported.
[3] State v. Gladden (Jan. 4, 2001), Cuyahoga App. No. 76908, unreported.
[4] State v. De Amiches (Mar. 1, 2001), Cuyahoga App. No. 77609, unreported.
[5] State v. Sheppard (1997), 124 Ohio App.3d 66, 705 N.E.2d 411.
[6] Because the judge failed to apply R.C. 2929.14(B) when imposing sentence, Berry's maximum prison term is invalid for that reason and does not need further analysis.
[7] The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.