[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Mark Day[1] pleaded guilty to two counts of rape, a first degree felony under R.C. 2907.02(A)(1)(b), and two counts of pandering sexually oriented material involving a minor, a second degree felony under R.C.2907.32.2(A)(1). The trial court sentenced Day to eight years in prison on each of the rape charges and four years in prison on each of the pandering obscenity charges with all the terms to be served consecutively. Day appeals the sentences raising two assignments of error. We find neither assignment to be well taken.
In his first assignment of error, Day argues the sentences are contrary to law because the trial court erroneously found that he held a position of trust under R.C. 2929.12(B)(3); that he had a prior unsuccessful probation; and that he had an unacknowledged pattern of substance abuse under R.C. 2929.13(D). These findings, he argues, led to the trial court's imposition of a harsher sentence.
R.C. 2929.11 through 2929.18 requires a trial court to make certain findings when imposing a sentence on an offender, which must be supported by clear and convincing evidence.[2] A trial court's failure to follow the guidelines and to make the required findings to support the imposition of a sentence is contrary to law.[3]
Regardless of the level of the offense, the trial court must consider the factors set forth in R.C. 2929.12 regarding the seriousness of the offense and the likelihood of recidivism when sentencing an offender. The seriousness factors are enumerated in R.C. 2929.12(B) and (C). The factors relating to recidivism are enumerated under R.C. 2929.12(D). In addition, a trial court may consider any other factors that are relevant to achieving the principles and purposes of sentencing.
At Day's sentencing hearing, the trial court analyzed the seriousness and recidivism factors set forth in R.C. 2929.12. The court found the presence of factors that made Day's offenses more serious than conduct normally constituting the offenses. Under R.C. 2929.12(B)(1) the court found that the "tender" age of Day's stepdaughters exacerbated their injuries. The court also found that, under R.C. 2929.12(B)(3), Day, as a stepfather, held a position of trust in the community and the offenses related to that position. The court further found under R.C. 2929.12(B)(6) that Day's relationship with his stepdaughters facilitated the offenses.
Under the recidivism factors, the court found that Day was likely to commit future crimes because he had a prior unsuccessful probation. The trial court also found that under R.C. 2929.12(D)(4) Day had a pattern of drug or alcohol abuse related to the offenses and that he had refused treatment for the drug or alcohol abuse. The court also considered Day's history of criminal activity.
With the exception of its finding under R.C. 2929.12(B)(3) that Day held a position of trust in the community,[4] each of these findings is supported in the record and the court did not err to the extent it made them. Although the trial court improperly applied the factor enumerated in R.C. 2929.12(B)(3), it otherwise made the correct findings under R.C.2929.12, all of which support Day's sentence. Therefore, the court's reliance on R.C. 2929.13(B)(3) is immaterial here.
Additionally, the court sentenced Day to more than the minimum prison term for each offense because it found the minimum term would demean the seriousness of the offenses and would not adequately protect the public from Day as a sexual predator. This statement, along with the seriousness and recidivism factors at the sentencing hearing and its findings based thereon, provided an adequate basis upon which the court could have imposed a prison term longer than the shortest term authorized for each of the four offenses. As a result, we overrule Day's first assignment of error.
In his second assignment of error, Day argues the sentence imposed by the trial court violates his right to be free from cruel and unusual punishment because the sentence is grossly disproportionate to the crimes and provides Day with little medical or rehabilitative treatment for his sexual disorders. Generally, when a sentence imposed on a defendant falls within the terms of a valid statute, the sentence does not constitute cruel and unusual punishment.[5] Day's sentences were within the guidelines permitted by the statute for the crimes of which he was convicted. As a result, we overrule his second assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Sundermann, JJ.
[1] Although Defendant's name is spelled Mark Day on the notice of appeal, his name is spelled Marc Day throughout the rest of the record.
[2] R.C. 2953.08(G)(1).
[3] State v. Sheppard (1997), 124 Ohio App.3d 66, 705 N.E.2d 411.
[4] See State v. Brewer (Nov. 24, 2000), Ham. App. No. C-000148, unreported.
[5] See State v. Juliano (1970), 24 Ohio St.2d 117, 265 N.E.2d 290,citing McDougle v. Maxwell (1964), 1 Ohio St.2d 68, 203 N.E.2d 334.