{¶ 12} On this appeal from a resentencing order of Judge Nancy Margaret Russo, I concur in part and dissent in part. While I agree that the multiple punishments are not prohibited by R.C. 2941.25, the record does not show that Brahler's conduct was more serious than that normally attending crimes of this nature, and the evidence of his criminal history is inadequate to draw conclusions concerning his threat to commit future serious offenses.
{¶ 13} While I concur in the resolution of the first assignment of error, I would certify this issue, sua sponte, to the Ohio Supreme Court because it conflicts with the Hamilton County Court of Appeals' decision in State v. Grant.[1]
{¶ 14} Brahler's second assignment of error directly implicates the core purposes of R.C. 2929.11(B), which states that a felony sentence should be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent withsentences imposed for similar crimes by similar offenders." (Emphasis added.) Prior to State v. Rance,[2] robbery and kidnapping were considered allied offenses of similar import and, as noted in Grant,
supra, the Ohio Supreme Court appears to have continued to consider the offenses allied since Rance.[3] Even if the offenses are no longer considered allied, the fact that they were so considered prior to Rance
suggests that, traditionally, concurrent sentences have been warranted and imposed for these offenses. Therefore, even before assessing the facts of Brahler's crime, the judge's sentence appears inconsistent with sentences imposed for similar crimes.
{¶ 15} Moreover, any argument that the sentence here was necessary to avoid demeaning the seriousness of Brahler's conduct necessarily implies that the concurrent sentences imposed in innumerable cases prior to Rance were demeaning to the seriousness of those offenses, a conclusion which I cannot accept.
{¶ 16} The facts of Brahler's offenses also show that consecutive sentences are unwarranted. Before imposing consecutive sentences, a judge must find, inter alia, that the sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]"[4] (Emphasis added.) The multiple findings required reflect the general disfavor for consecutive sentences within the statutory scheme,[5] as does the inclusion of specific provisions concerning the right to appeal consecutive sentences.[6] Therefore, even though we will not modify a sentence unless the record clearly and convincingly does not support the sentence imposed, that standard must be understood in light of the general disfavor of consecutive sentences. We should not blindly defer to the judge's findings and reasons, because substantial record evidence must support the imposition of a presumptively disfavored sentence(s). Where the record does not support the sentence, reversal or modification is not a substitution of judgment, but an application of our authority and obligation to review judgments and remedy errors.
{¶ 17} R.C. 2929.12(B) lists a number of factors to be used in assessing the seriousness of an offender's conduct, and expressly states that those factors are used to determine whether the conduct"is more serious than conduct normally constituting the offense."
(Emphasis added.) This requirement appears to have been forgotten, because neither the judge nor the majority has attempted to address Brahler's conduct in light of other conduct constituting the same offenses.
{¶ 18} Brahler's conduct was undoubtedly serious; hence the classification of both kidnapping and robbery as second degree felonies, each punishable by a minimum prison term of two years and a maximum of eight years,[7] a fine of up to $15,000.00,[8] a presumption that a prison term is necessary,[9] and a mandatory three-year term of post-release control.[10] While he deserves to be in prison for his crimes, the record fails to disclose any circumstances making his conduct more serious than other robberies and kidnappings.
{¶ 19} Robbery is, after all, generally defined as a theft committed by force or threat of force,[11] and kidnapping is the forcible detention or asportation of another;[12] such crimes necessarily induce fear in the victim[13] and often result in physical harm. While I understand that Brahler's victim was terrified, I am not convinced that his conduct was any more frightening than that attending any other robbery or kidnapping, or that a single seven-year prison sentence would demean the seriousness of that conduct.
{¶ 20} A seven-year prison term is not a light sentence[14] and does not demean the severity of the offense or the victim's trauma; Brahler did not use a weapon in the offense, and the victim's resistance dissuaded his conduct rather than escalating it to acts of further or more serious violence. Moreover, the majority's conclusion that Brahler intended to rape the victim is rank speculation, not allowable inference. The judge made no such statement in sentencing him, and it is inappropriate to make such inflammatory comments at this point, and upon this record. Judges should encourage reason and disdain hysteria, not the opposite.
{¶ 21} The judge was also required to make a separate finding that Brahler's conduct was not disproportionate to the danger he poses to the public. Such a finding is typically supported by evidence of the offender's criminal history, and should show both a propensity for recidivism[15] and for committing violent or otherwise serious offenses.[16] The judgment of conviction, entered August 13, 1999, expressly stated that Brahler "is not referred to the county probation department for a pre-sentence investigation and report." While such a ruling is within the judge's discretion under R.C. 2947.06, the lack of a pre-sentence investigation report leaves a slim record from which to review a defendant's criminal history, and opens the door to questions concerning the information the judge had concerning that history.
{¶ 22} The only evidence of Brahler's criminal history was his own testimony in the sentencing transcript, when he stated that he served a single prison sentence for offenses charged in four separate cases, the most serious being burglary. Without a presentence investigation report we cannot meaningfully review whether Brahler's criminal history supports the imposition of consecutive sentences, and the lack of such a record should prevent us from affirming their imposition. The statutory sentencing mandates no longer allow us to presume regularity from a silent record — despite its deferential standard of review, R.C.2953.08 nonetheless requires a record that supports the sentence imposed.[17] This record does not provide enough evidence of Brahler's criminal history to allow a judge to rely on that history in imposing consecutive sentences.
{¶ 23} In addition to my dissent on the proportionality issue, I must also note my disagreement with the majority's statement that the judge's use of a sentencing checklist is permissible and adequate evidence that she made the necessary findings to support consecutive sentences under R.C. 2929.14(E)(4).[18] This statement conflicts with the plain language of R.C. 2929.19, which sets forth the procedures for holding a sentencing hearing, and which requires that findings relevant to sentencing be made at the hearing.[19]
{¶ 24} At least one purpose of R.C. 2929.19(B) is to ensure that a judge imposes sentence only after considering the record and the relevant statutory factors, rather than justifying an unconsidered or ill-considered sentence after the fact. Since the judgment of sentence must correlate with that imposed at the hearing,[20] it follows that the judge must consider the relevant factors at or before the hearing, and R.C. 2929.19 is designed to ensure just that. Unless the judge makes the checklist and presents it to the defendant at the hearing, it cannot be relied on to show that findings were made at the hearing in compliance with R.C. 2929.19(B).
{¶ 25} Because the imposition of consecutive sentences is not supported by the record, and because this case is an appeal of a resentencing proceeding, I would modify the sentence to impose concurrent seven-year prison terms.
[1] (Mar. 23, 2001), Hamilton App. No. C-971001, unreported.
[2] (1999), 85 Ohio St.3d 632, 710 N.E.2d 699.
[3] State v. Fears (1999), 86 Ohio St.3d 329, 343-344, 715 N.E.2d 136,151.
[4] R.C. 2929.14(E)(4).
[5] Cf. State v. Edmonson (1999), 86 Ohio St.3d 324, 328,715 N.E.2d 131, 135 (statutory restrictions on imposition of maximum sentences establish policy disfavoring such sentences).
[6] R.C. 2953.08.
[7] R.C. 2929.14(A)(2).
[8] R.C. 2929.18(A)(2)(b).
[9] R.C. 2929.13(D).
[10] R.C. 2967.28(B)(2). Although the judge purported to impose a five-year term of post-release control at the hearing, such a term is not authorized. Moreover, the judgment entry failed to include post-release control as part of the sentence.
[11] R.C. 2911.02(A)(3).
[12] R.C. 2905.01(A).
[13] In fact, R.C. 2905.01(A)(3) defines one form of kidnapping as committed with the specific intent of terrorizing the victim.
[14] I also note that R.C. 2929.13(A) requires that a sentence "shall not impose an unnecessary burden on * * * resources."
[15] R.C. 2929.12(D), 2929.14(E)(4)(c).
[16] Cf. State v. Sheppard (1997), 124 Ohio App.3d 66, 68,705 N.E.2d 411, 412-413 (prior conviction for solicitation did not support belief that offender would commit future arson offenses).
[17] State v. Ayala (Dec. 16, 1999), Cuyahoga App. No. 75207, unreported; Sheppard, supra.
[18] I agree, however, that in this case the judge sufficiently stated her findings at the hearing.
[19] State v. Gaddis, Cuyahoga App. No. 77835, 2002-Ohio-1830, at ¶ 7-9.
[20] See, e.g., State v. Bell (1990), 70 Ohio App.3d 765, 773,592 N.E.2d 848, 853 (new sentence cannot be imposed outside defendant's presence).