OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Defendant-Appellant, Ronald Grimm, appeals the decision of the Columbiana County Court of Common Pleas which found him guilty of receiving stolen property in violation of R.C. 2913.51(A), a fourth degree felony, and failure to comply with the order or signal of a police officer in violation of R.C. 2921.33(B), a third degree felony, and sentenced him to two one-year terms of imprisonment, to be served concurrently. The issue before this court is whether the trial court abused its discretion when it sentenced Grimm to serve a term of imprisonment rather than imposing community control sanctions through the Eastern Ohio Corrections Center.
 {¶ 2} Grimm concedes that his sentence complies with the felony sentencing guidelines. But he claims that the trial court erred when it sentenced him to prison since he has a mental illness as well as drug and alcohol dependency problems. He believes that although treatment for these conditions is available in the prison system, he would receive better treatment at the EOCC. Since the trial court's determination that Grimm should serve a prison term is supported by the record and is not contrary to law, it did not err when it sentenced Grimm to a prison term. Accordingly, the trial court's decision is affirmed.
 Facts {¶ 3} Grimm was driving a car which was reported stolen a couple of hours earlier. When driving that car, Grimm fled from Salem police officers by driving through lawns and failing to stop at stop signs until the car struck a building. The Columbiana County Grand Jury subsequently returned an indictment charging Grimm with receiving stolen property in violation of R.C. 2913.51(A), a fourth degree felony, and failure to comply with the order or signal of a police officer in violation of R.C.2921.33(B). Grimm initially pled not guilty to the offenses. But after a hearing, the trial court allowed Grimm to plead guilty to both offenses.
 {¶ 4} At his sentencing hearing, Grimm introduced evidence demonstrating that he had recently been diagnosed as bi-polar with schizophrenic tendencies, and taking medication which helps him control his temper. Grimm also testified that he had both drug and alcohol dependency problems. Finally, he conceded that he had an extensive criminal history. But he testified that he successfully completed a prior term of probation with the EOCC. He felt that he would be successfully rehabilitated by the EOCC since he was now taking medication for his mental problems.
 {¶ 5} At the conclusion of that hearing, the trial court found that Grimm had only attended the services offered to him sporadically and that he was almost certainly going to recidivize, given his criminal history. Accordingly, the trial court found that a prison term was warranted and sentenced Grimm to two terms of one-year imprisonment to be served concurrently.
 Felony Sentencing {¶ 6} Grimm's sole assignment of error argues as follows:
 {¶ 7} "The trial court erred in sentencing the defendant, by sentencing the defendant in a manner which is contrary to law, and not in keeping with the purposes of the new felony sentencing guidelines as set forth in Senate Bill 2, as amended."
 {¶ 8} Grimm argues that the extenuating circumstances in this case demonstrate that the trial court's decision to impose a prison term was unreasonable and, therefore, an abuse of discretion. In response, the State argues that the trial court has broad discretion when determining how to sentence an offender as long as the sentence imposed is allowed by the felony sentencing guidelines. It contends that Grimm fails to demonstrate that the trial court abused its discretion when sentencing Grimm since Grimm could receive the same treatment in prison that he could receive from the EOCC.
 {¶ 9} Although each party argues that we must review the trial court's decision for an abuse of discretion, appellate courts no longer review felony sentences using an abuse of discretion standard. R.C. 2953.08(G)(2); see State v. Sheppard
(1997), 124 Ohio App.3d 66, 67-68. Instead, an appellate court may only vacate, increase, reduce, or otherwise modify a sentence if it clearly and convincingly finds either that the record does not support the sentencing court's findings or that the sentence is otherwise contrary to law. Id. Grimm's sole argument on appeal is that the trial court abused its discretion when it sentenced him to a term of imprisonment rather than community control. Without arguing either that the record does not support the sentencing court's findings or that the sentence is otherwise contrary to law, statutorily we must affirm Grimm's conviction.
 {¶ 10} Grimm was convicted of one third and one fourth-degree felony. And at the time of sentencing, he had previously served a prison term. Accordingly, the trial court could sentence Grimm to a prison term for the fourth-degree felony if it considered the factors in R.C. 2929.12 and found that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11 and that Grimm is not amenable to an available community control sanction. R.C. 2929.13(B). Likewise, when determining whether to impose a prison term for a third degree felony, the sentencing court must comply with the purposes and principles of sentencing under R.C. 2929.11 and 2929.12. R.C.2929.13(C).
 {¶ 11} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A).
 {¶ 12} Pursuant to R.C. 2929.12, the sentencing court must consider: (1) the factors relating to the seriousness of the conduct contained in R.C. 2929.12(B) and (C); (2) the factors relating to the likelihood of the offender's recidivism contained in R.C. 2929.12(D) and (E).
 {¶ 13} Both the trial court's judgment entry and its comments during the sentencing hearing demonstrate that it kept the overriding purposes and principles of felony sentencing in mind when it sentenced Grimm. It found that a prison sentence was needed to protect the public and punish Grimm. And it specifically found that Grimm was almost certain to recidivate based upon his criminal history. Grimm completed his probation for aggravated burglary in 1998. Since that time, Grimm had been convicted for eleven different offenses and was charged with another offense after he was indicted in this case. Given these facts, the trial court's determination that Grimm should serve a prison term is supported by the record.
 {¶ 14} Finally, since Grimm had previously served a prison term the trial court did not need to make any further findings before it could sentence Grimm to greater than the shortest prison term. R.C. 2929.14(B). The trial court sentenced Grimm to more than the minimum sentence, but less than the maximum, for each felony and ordered that those terms be run concurrently.
 {¶ 15} As Grimm concedes, the trial court complied with the felony sentencing guidelines when it sentenced Grimm to a prison term. His term of imprisonment is supported by the record and is not contrary to law. He argues that the trial court abused its discretion by ordering that he be imprisoned rather than imposing a community control sanction. But the law does not allow this court to review that decision for an abuse of discretion. Accordingly, Grimm's assignment of error is meritless and we affirm the trial court's decision.
Judgment affirmed.
Waite, P.J., and Donofrio, J., concur.