OPINION AND JOURNAL ENTRY
{¶ 1} The State of Ohio ("Appellee") has filed a motion for reconsideration of our Opinion in State v. Barnette, 02 CA 65, 2004-Ohio-7211, pursuant to App.R. 26(A). "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." Columbus v. Hodge (1987), 37 Ohio App.3d 68, 523 N.E.2d 515, paragraph one of the syllabus.
 {¶ 2} Appellee begins by pointing out an inadvertent clerical error in our Opinion. We appear to have reduced Appellant Chad Barnette's prison term from ten years to two years for the aggravated robbery of William Sovak. Opinion at ¶ 109. Appellee asserts that a two-year prison term is less than the minimum allowable prison term that could have been imposed. Appellee notes that aggravated robbery is a first degree felony. R.C. § 2911.01(C). As we stated in our Opinion, the range of prison terms for a first degree felony is three to ten years. Opinion at ¶ 106.
 {¶ 3} It was our intent to impose on Appellant the minimum concurrent prison sentence for the aggravated robbery charge; three years. The sentence to which Appellee refers mistakenly states that we reduced the prison term to two years. Obviously, Appellee was not prejudiced by this error, because the sentence will be served concurrently with the remaining prison terms. Thus, whether Appellant receives a two- or three-year prison term neither increases nor decreases the aggregate 74-year prison sentence. See, e.g., State v. Avery (1998),126 Ohio App.3d 36, 52, 709 N.E.2d 875; State v. Stanishia, 10th Dist. No. 01AP-1298, 2002-Ohio-4762. Nevertheless, we make the appropriate nunc pro tunc correction.
 {¶ 4} More troubling to this Court, the remainder of Appellee's motion amounts to a diatribe against this Court. While at the same time acknowledging that the trial court's sentencing errors discussed in our Opinion did, in fact, occur, and agreeing that this Court has the authority to modify a felony prison sentence pursuant to R.C. § 2953.08, Appellee injects its own beliefs that we should ignore these errors. Appellee looks at the reduced sentence for the aggravated robbery charge in isolation, rather than taking its own advice and examining our Opinion in light of the aggregate prison sentence. At one point, Appellee goes so far as to state that our Opinion defies reason and logic, while failing to recognize that we affirmed an aggregate 74-year prison sentence. The record reflects, but Appellee ignores, the fact that the prosecutor's office recommended a 23-year aggregate prison sentence only two weeks before trial. Opinion at ¶ 59ff. It does not appear to us that a 74-year prison sentence is so short as to defy reason and logic, and we are not persuaded by Appellee's argument. We are certainly not persuaded by the disrespectful manner in which the argument was presented to this Court.
 {¶ 5} Appellee also questions whether two aspects of our Opinion were consistent with each other. First, we are directed to that portion of the Opinion in which we concluded that the trial court made the appropriate findings in support of imposing maximum sentences, but was not required to separately list its supporting reasons for each individual count on which Appellant was convicted. Id. at ¶ 88. Next, Appellee examines our conclusion that the trial court could not impose the maximum sentence on one count of aggravated robbery because the court specifically failed to include that charge in its discussion relevant to finding that Appellant's actions constituted the worst form of the offense. Appellee asserts that these two holdings contradict each other, and that our first holding is the correct one. Appellee concludes that the trial court simply left the aggravated robbery charge out of the list by mistake, and that we should not have required the trial court to specifically mention each count when discussing behaviors constituting the worst form of the offense.
 {¶ 6} Appellee's interpretation of our Opinion is incorrect. Our holding was not meant to alter the requirement, pursuant to R.C. §2929.19(B)(2), that a trial court must give reasons to support its findings in support of imposing a maximum sentence. We specifically recognized that a trial court may present its findings and supporting reasons in a concise, but all-encompassing form. If the trial court's intent is clear, it is not required to list, by rote, each count along with each finding and each supporting reason. In the instant case, however, the trial court did specifically list each count that the court relied on in reaching its conclusion that the actions of Appellant constituted the worst form of the offense. Absent from this very specific list is one count of aggravated robbery. The trial court did not express its over-arching intent in a shorthand form, but rather, chose to enunciate each count by rote. Normally, when we encounter such a rote listing, we must apply the interpretive canon of expressio unius est exclusio alterius, which means that, "the expression of one thing implies the exclusion of the other." In re Miamisburg Train DerailmentLitigation (1993), 92 Ohio App.3d 304, 309, 635 N.E.2d 46. Once the trial court decided to list each count separately in expressing its intent, we can only interpret this to necessarily exclude any count not on the list.
 {¶ 7} Finally, Appellee finds it "incomprehensible" that we would modify Appellant's sentence ourselves rather than remand the case to the trial court. Appellee cites many examples in which various courts of appeals, including this Court, have remanded cases for resentencing after uncovering errors in maximum and consecutive prison sentences. If Appellee had been so inclined, it could also have found many examples in which an appellate court, including this Court, found a sentencing error and modified the sentence accordingly, rather than remanding the case for resentencing. See, e.g., State v. Singh, 157 Ohio App.3d 603,2004-Ohio-3213, 813 N.E.2d 12 (Seventh District Court of Appeals), appeal not allowed, 103 Ohio St.3d 1525, 2004-Ohio-5852, 817 N.E.2d 409; Statev. Budenz, 8th Dist. No. 80679, 2002-Ohio-5845; State v. Earle, 11th Dist. No. 2001-L-159, 2002-Ohio-4510; State v. Sheppard (1997),124 Ohio App.3d 66, 705 N.E.2d 411 (First District Court of Appeals).
 {¶ 8} In conclusion, we overrule Appellee's motion for reconsideration, except for the following nunc pro tunc clerical correction. We hereby correct ¶ 109 of our Opinion so that it now reads, in pertinent part: "we reduce Appellant's prison sentence on the charge of aggravated robbery (count three in the indictment) to three years in prison, to run concurrently with the sentences on the remaining counts." This correction is effective, nunc pro tunc, as of the date of the original Opinion, December 28, 2004.
 {¶ 9} Copy to all counsel of record.
Waite, J., concurs.
Donofrio, P.J., concurs.
DeGenaro, J., concurs; see concurring opinion.